CONSOLIDATED KANSAS CITY SMELTING & REFINING COMPANY V. CHAS. H. BINKLEY ET AL.

Decided January 23, 1907.

**1.—Improper Testimony—Harmless.**

Where testimony taken by itself might be objectionable, the party complaining of its admission must make it appear by the statement in his brief that there was no other testimony in the case to the same effect, in order to show that he was probably injured thereby.

**2.—Charge—Harmless Omission.**

A special charge given at the instance of one defendant which instructs a verdict for such defendant on a given state of facts, can not be complained of by a codefendant on the ground that said charge should have instructed a verdict for both defendants when the verdict was against both defendants.

**3.—Joint Negligence—Joint Liability—Contribution.**

Where a railroad company constructed its tracks upon the premises of a smelting company with the permission and for the benefit of said smelting company, and the smelting company afterwards constructed a blast pipe so close and low over the tracks of the railroad company as to be dangerous to the employes of the railroad company, the smelting company was not merely a constructive or passive, but an active wrongdoer, and was liable for a resulting injury, even though the railroad company was also negligent in not warning its employes of the dangerous position of the pipe. In such case no right of contribution exists between the two defendants.

**4.—Negligence—Question of Fact.**

Whether or not plaintiff was guilty of negligence by sitting on the brake-wheel with his back to the engine at the time he was injured was a question of fact for the jury to determine under all the facts and circumstances.

**5.—Pleading—Evidence—Immaterial Variance.**

Plaintiff alleged in his petition that he was releasing a brake, in the discharge of his duties, at the time he was knocked off and injured. There was testimony that he was sitting on the brake when knocked off. The variance was immaterial. It was only necessary for him to prove the substance of the issue—that he was there in the discharge of his duties.

**6.—Use of Premises—Care by Owner.**

Where one is rightfully upon the premises of another it is the duty of the owner to abstain from doing anything which ordinary care would forbid as likely to injure the person so using the premises.

**7.—Argument of Counsel—Admission of Nonliability—Rights of Parties.**

Counsel for plaintiff said in his argument to the jury that he did not think appellant was liable in this suit. Appellant's codefendant objected, and asked to have the remark excluded, to which appellant objected, and the court instructed the jury not to consider the remark. Held, the remark was not evidence and the appellant acquired no right thereby to be dismissed from the suit. It was the duty of the court under the circumstances to submit the case correctly as to both defendants.

**8.—Costs.**

A question of costs not raised in the trial court can not be raised for the first time on appeal.

Appeal from the District Court of El Paso County. Tried below before Hon. J. M. Goggin.

*Waters Davis* for appellant.—Whether it was competent to draw a comparison between the Santa Fe and the G. H. & S. A. railway tracks, or not, the court should not have heard codefendant object to the proof offered by plaintiff after codefendant, itself, had introduced testimony drawing a comparison between these tracks on the main line, for the purpose of showing that its track could not be depressed at the point of the accident, like the Santa Fe track. Galveston, H. & S. A. Ry. v. Udalle, 91 S. W. Rep., 330; San Antonio & A. P. Ry. v. Robinson, 79 Texas, 610, 15 S. W. Rep., 585; Markham v. Carothers, 47 Texas, 27; Wade v. Love, 69 Texas, 524, 525; Kingsley v. Schmicker (T. C. A.), 60 S. W. Rep., 331.

It is error to permit a witness to give his opinion as to whether or not an accident would have occurred under any state of facts, much more so it is erroneous to permit one to say that in his opinion the accident would not have happened if the pipe had been so many feet high, when the witness did not see the accident, did not know the height of the car, did not know the height of the man, and did not know the height of the pipe above the rails. Trinity & Sabine Ry. v. Lane, 79 Texas, 645; Shelby v. Claggett, 46 Ohio, 549; Harris v. Detroit, 76 Mich., 227; authorities cited under note 30 Am. R., 38.

It is not actionable negligence for one to have on his own premises open and obvious dangers, and not concealed and hidden ones. O'Neil v. Chicago & I. C. Ry. (Ind.), 31 N. E., 670.

As to the action of appellant with reference to the erection and maintenance of the pipe in question, the doctrine of *res ipsa loquitor* is not applicable, and the court should have given the special charge of appellant that advised the jury that proof of the happening of the accident

does not necessarily establish the fact of negligence.   Railway v. Hanson (T. C. A.), *90 S. W., 1124.*

A person in erecting permanent structures upon his premises may assume that those using such premises will exercise ordinary care, and the person erecting such structures is not bound to anticipate negligence on the part of those using same, and is not bound to erect such structures so as to be more than reasonably secure and safe, when its premises are used by persons in the exercise of ordinary care and prudence.

To the effect that one need not anticipate negligence.   Seale v. Gulf, C. & S. F. Ry., 65 Texas, 280.

The measure of duty, as fixed by the court in the sixth paragraph of its charge, is too absolute.   It is not the duty of a person (as charged by the court) to exercise care to insure the safety of persons on its premises.   It is enough that the owner of such premises does no overt act that results in injury to persons on its premises, even when they are there by its express or implied invitation.   Such owner could not be required to insure such persons against injuries inflicted by negligence of their fellow servants or others not under such owner's control.   McInerney v. Delaware & H. Canal Co. (N. Y.), *45 N. E. Rep., 848.*

Plaintiff was on appellant's premises as a mere licensee, and not by invitation from appellant, so that if appellant owed plaintiff any duty, it was only to expose him to no trap or pitfall and subject him to no fraud, etc.   Lake Erie & W. Ry. v. Maus (Ind.), *51 N. E., 736,* and authorities there cited; Gibson v. Leonard (Ill.), *17 Law Rep. Ann., 588;* Reardon v. Thompson (Mass.), *21 N. E., 369.*

Codefendant railway, having entered into a contract with appellant, whereby the former occupied, with appellant's permission, a portion of appellant's premises with the roadbed and track of the former, which track codefendant agreed to keep in proper condition, there was no covenant or duty making appellant responsible for the condition of the premises, but codefendant, as independent contractor, tenant by sufferance, or lessee under appellant, was alone responsible.   Appellant under the facts violated no duty that it owed to plaintiff.   San Antonio Edison Co. v. Dixon (T. C. A.), *42 S. W. Rep., 1011;* Goodlander Mill Co. v. Standard Oil Co., *63 Fed., 405;* Roddy v. Missouri Pac. Ry. (Mo.), *12 Law Rep. Ann., 748-9;* McInerney v. Delaware & H. Canal Co. (N. Y.), *45 N. E., 848;* Lake Erie & W. Co. v. Maus (Ind.), *51 N. E., 735;* Saving Bank v. Ward, *100 U. S., 204, 25 L. Ed., 624;* New York Cent. & H. R. Ry. (N. Y.), *23 Am. R., 37;* Fowles v. Briggs (Mich.), *40 Law Rep. Ann., 528.*

Galveston, H. & S. A. Ry. v. Sweeney (T. C. A.), *24 S. W. Rep., 949;* Kappes v. Brown Shoe Co. (Mo.), *90 S. W. Rep., 1163,* to show that if there was any negligence as to the pipes, it was not concatenated as cause and effect with negligence of codefendant and plaintiff's fellow servants, so as to be a concurrent cause, that proximate cause is ordinarily a question for the jury.

If subsequent to the original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand for the cause of the misfortune, the former must be considered as too remote.   Texas & Pac. Ry. v. Doherty (T. C. A.), *15 S. W. Rep., 44;* Fowles v. Briggs (Mich.),

40 Law Rep. Ann., 528; Wharton on Negligence, sec. 439; Curtin v. Somerset (Pa.), 12 Law Rep., Ann., 322 and note; Goodlander M. Co. v. Standard Oil Co., 63 Fed., 405, 406; Alexander v. Town of Newcastle (Ind.), 17 N. E., 200.

Though codefendant would be liable for the negligence of plaintiff's fellow servants, appellant would not be liable therefor, and if the negligence of plaintiff's fellow servants was the proximate cause of plaintiff's injuries, plaintiff could not recover against this appellant.   Evans v. Sabine & E. T. Ry. (Tex. Sup.), 18 S. W. Rep., 493; New York, C. & St. L. Ry. v. Perigeuy (Ind.), 34 N. E., 235; Kappes v. Brown Shoe Co. (Mo.), 90 S. W. Rep., 1163.

Where the danger to plaintiff from a permanent structure is open and obvious, the risks are assumed, and it is not further necessary that plaintiff appreciate the danger at the time of the accident, especially where his failure to look out for himself is not caused by attention to his duties.   International & G. N. Ry. v. Story (T. C. A.), 62 S. W. Rep., 132; 3 Elliot on R. R., p. 2022, and authorities cited; Missouri, K. & T. Ry. v. Hanson (T. C. A.), 90 S. W. Rep., 1122.

An employe assumes the risks, that are open and obvious, from permanent structures that were already erected when such employe entered the service.   This rule, so far as concerns the appellant, is absolute and without exception, though, as to codefendant, it is affected by the other principle that the servant does not assume risks caused by the master's negligence.   Missouri, K. & T. Ry. v. Hanson, supra; Pennsylvania Ry. v. Finney (Ind.), 42 N. E., 818; Sherman & Redfield on Negligence, p. 201; Rogers v. Galveston City Ry., 76 Texas, 503; Hildenbrand v. Marshall (Tex. Ct. Ap.), 69 S. W. Rep., 493; 3 Elliot on R. R., p. 2022; Gibson v. Erie Ry. (N. Y.), 20 Am. Rep., 552; O'Neil v. Chicago & I. C. Ry. (Ind.), 31 N. E., 670; Williams v. Delaware, L. & W. Ry. (N. Y.), 22 N. E., 1117.

One not in the discharge of his duties or acting under orders, who fails to look out for a structure that is permanent and apparent, is guilty of contributory negligence and can not recover.   Pennsylvania Co. v. Finney (Ind.), 42 N. E., 818; Gibson v. Erie Ry., 66 N. Y., 449, s. c., 20 Am. Rep., 554; Williams v. Delaware Ry. (N. Y.), 22 N. E., 1117.

A charge that permits a recovery upon a theory different from that pleaded, or a charge that states an erroneous proposition of law, or that is not based upon facts in proof, should not be given.   Schulz v. Tessman, 92 Texas, 491.

Where one railway permits another railway to use its tracks:   Pullman Co. v. Norton (T. C. A.), 91 S. W. Rep., 841; Roddy v. Missouri Pac. Ry. (Mo.), 12 Law Rep. Ann., 748.

*Patterson & Wallace,* for appellee.—It was an undisputed fact that the railway track was constructed through appellant's premises by its permission, and after the track was constructed and in operation appellant constructed and maintained across said track its pipes, which caused said accident, and that the said pipes were constructed and maintained by appellant so near the top of defendant railway company's cars as to unnecessarily endanger the lives of switchmen, who might be switching

cars on this track, which danger was known to appellant, or could have been known to it by the exercise of ordinary care and diligence, and plaintiff having been injured without fault or contributory negligence on his part, both of said defendants are jointly liable to him for said accident, and the court in its main charge so instructed the jury. Dillingham v. Crank et al., 27 S. W. Rep., 93; Southwestern Tel. Co. v. Crank, 27 S. W. Rep., 38; Fry v. Hillan, 37 S. W. Rep., 359; Bennett v. Louisville & N. Ry. Co., 102 U. S., 577 (26 L. Ed., 235).

Appellant, having by its own act constructed the pipes in such close proximity to the track as to render the track dangerous to switchmen, there was no intervening cause provided the jury should find from the instruction of the court that appellant was guilty of negligence in constructing and maintaining the pipes across the track at the time of said accident, and the court therefore properly refused said special instruction. Galveston, H. & S. A. Ry. Co. v. Nass, 57 S. W. Rep., 910; Southwestern Tel. Co. v. Crank, 27 S. W. Rep., 38; Dillingham v. Crank, 27 S. W. Rep., 93; Erslew v. New Orleans & N. E. Ry. Co., 21 Southern, 154; Cooley on Torts, pp. 144-148.

An employe may assume that his master will provide for his use a reasonably safe place to do his work, and he does not assume the risk of an overhead obstruction unless "he knows of the same and the attendant risk, or in the ordinary discharge of his duties must necessarily have acquired the knowledge." Missouri, K. & T. Ry. Co. v. Hannig, 43 S. W. Rep., 510; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 72; Texas & N. O. Ry. Co. v. Bingle, 42 S. W. Rep., 971.

The undisputed evidence showed that this track was constructed by the railroad company by permission and agreement of appellant, and that after the railroad was constructed appellant built and maintained the pipes across the track and that this track was used for the benefit of both defendants. Defendants, if liable at all, were jointly liable as joint tort feasors, and appellant having negligently constructed the pipes had no right to recover over against its codefendant for its own negligence. Dillingham v. Crank, 27 S. W. Rep., 93; Galveston, H. & S. A. Ry. Co. v. Nass, 57 S. W. Rep., 910; Galveston, H. & S. A. Ry. Co. v .Croskell, 25 S. W. Rep., 486; Markham v. Houston Direct Navigation Co., 73 Texas, 249; Gulf, C. & S. F. Ry. Co. v. McWhirter, 77 Texas, 360.

JAMES, Chief Justice.—The amended original petition alleged that plaintiff Chas. H. Binkley whilst in the discharge of his duties as switchman for the defendant G., H. & S. A. Ry. Co. was injured by being knocked from one of its freight trains in passing under a blast pipe erected at the smelting works of appellant near the city of El Paso, that he had not been warned of such danger, nor informed of the location of said pipe, and that while letting off one of the brakes and acting in the line of his duties he was struck on the head and shoulder as the train was passing under the pipe, knocked from the car and injured as alleged. Plaintiff alleged negligence of appellant in erecting said pipe so close to the top of the cars as to injure employes of the railway company in the operation of trains, and negligence in defendant railway

company in failing to warn plaintiff of his danger and provide some means of notifying him of the proximity of said pipe.

Both defendants answered by general denial and pleas of assumed risk and contributory negligence.

Appellant pleaded also that it was necessary for its pipe to be erected in the position it was; that it could not be made higher without impairing its usefulness; that this accident happened through the negligence of its codefendant the railway company in operating its trains under said pipe without taking due precautions to notify its employes of the proximity and danger of the pipe; that it was the railway company's duty to have instructed its employes not to ride on top of its trains under the pipe, also to have lowered its track at said place to avoid such occurrence, and that plaintiff's injury resulted through said omissions on the part of the railway company, or through plaintiff's contributory negligence or assumed risk; or the negligence of his fellow servants. That appellant owed plaintiff no duty with reference to said structure, nor was it bound to erect same high enough to be clear of the railway's employes on top of the cars, or sitting on brake wheels; that plaintiff was hurt while not performing any duty but while sitting on a brake wheel looking in another direction.

Appellant asked for judgment over against the railway company, alleging that it knowingly operated its cars under the pipe without any precautions to prevent injury to its employes thereby and that this negligence made the railway company the active wrongdoer, whilst the appellant's connection with the affair was only passive.

Plaintiff recovered against both defendants in the sum of $6,500 jointly and severally. The railway company has not appealed.

We think the first assignment of error should be overruled. The record shows the court's final ruling with reference to the testimony involved in the assignment was as follows: "The objection will be overruled. I think all that testimony is admissible. I will sustain the objection insofar as making any comparison is concerned. I think the manner in which the Santa Fe track is constructed under the pipes is admissible for certain purposes." This appears to have been a ruling in favor of appellant except in excluding the witness from making comparisons, the court evidently ruling that the witness could testify as to any facts, to which he seems to have testified fully. However, to this ruling no exception was taken.

The second assignment is that a witness should not have been allowed to testify as follows: "If the pipes erected by the smelter company had been three or four feet higher,—about four or five feet higher,—this accident would not have occurred, would it?" Answer. "I don't know. I can not answer except by saying probably not, because I did not witness the accident." The objection was that the answer was an opinion, involving the height of the pipes, the height of the car and the height of the man and the jury can draw the conclusion." The answer of itself can not be declared to have had any prejudicial effect. If the facts stated in the objection were otherwise shown it could not have produced any injury. Appellant makes no statement about the testimony on this subject, and it therefore is not made to appear that any injury was sustained by the answer.

By the fourth assignment appellant complains of a charge given at the instance of its codefendant, which directed a verdict for the railway company if said pipe or pipes were open and obvious to plaintiff and that a person of ordinary prudence would not have placed himself and maintained himself in the position and posture that plaintiff did and that in so doing he was guilty of negligence contributing to his injury. The criticism is that it should have told them to find for both defendants, and was therefore prejudicial to appellant. The charge elsewhere so plainly directed the jury to find for both defendants if plaintiff was guilty of contributory negligence, that it was not possible for appellant to have been injured by this charge, as claimed. Also there was no finding in favor of the railway company, hence it is apparent the charge did not mislead the jury in the respect claimed.

There was no necessity for giving the special charge asked by appellant set forth under the thirteenth assignment, in view of the charge given in which the jury were told that in order to find for plaintiff against appellant they had to find that the erecting and maintaining of the pipes was negligence on the part of appellant under all the surrounding facts and circumstances. This was in effect the same as telling them that the erection and maintenance of same would not of itself be sufficient.

It was undisputed that the railway track was constructed and used through appellant's premises by its permission and for its benefit. As we understand the witness Earle it was after the spur was constructed that the smelter company erected this blast pipe over it. It is true the witness stated that his recollection was that there was some little change in the alignment of the track about the time of the construction of the pipe, but his testimony would indicate that this change was in reference to the railway company's new buildings. It could not very well have been changed to adjust itself to this pipe which continued to extend over it. The same witness testified that the rails and ties belonged to the railway company, and that it was the duty of the railroad company to make repairs and keep its track in good condition. So far as we can see this state of the evidence is uncontroverted. It is also undisputed that plaintiff received his injury by coming in contact with this pipe as the train he was on went under it.

Under the facts of this case the railway company and its employes were not trespassers nor mere licensees, and it was clearly the duty of the smelter company after authorizing this use of this track and the operation of trains over it, to conform its conduct to what was due regard for the safety of those operating the trains. From the standpoint of the plaintiff, if by constructing and maintaining this pipe in a position where it endangered the lives and persons of those engaged in operating the trains, its conduct was not the observance of ordinary care with respect to such persons, it was liable for the injury that ensued therefrom, as an active wrongdoer. The facts in this case are altogether inconsistent with any theory upon which appellant could be regarded as a constructive or passive wrongdoer. On the other hand the railway company might be liable also to plaintiff if negligent in reference to warning or otherwise notifying its employe of such danger. It seems to us that there can be no question that if both the negligence of the

railway company, and that of the appellant were causes to which plaintiff's injury is attributable, they would both be liable as joint feasors. (Gulf, C. & S. F. Ry. v. McWhirter, 77 Texas, 356.)  And it is well settled that in such case no right of contribution would exist between them.

It is furthermore clear that plaintiff was knocked off the train by this pipe and there can be no question that negligence as to plaintiff in having it as it was, viewed as a cause of his injury, was necessarily proximate.  As to the failure of the railway company to take precautions to warn plaintiff the court submitted as to whether or not the latter proximately caused the injury and the jury must have so found.  Both being proximate causes, and both causes involving active negligence, there was no right of contribution, and the courts therefore will not inquire into which cause was the more proximate or direct in order to permit one defendant to recover over against the other.  For the above reasons the sixth, seventh, fifth, twenty-second, twenty-sixth and fifteenth assignments of error are not well taken.

That the maintaining and presence of the pipe was an existing and concurring cause of plaintiff's injury admits of no question.  That it was too remote a cause, or too disconnected with the injury, is not an admissible contention.  It was clearly a proximate cause, and though the injury may not have occurred had it not been for the negligent acts of the railway company, still with the negligent acts of the railway company it would not have occurred but for the coexisting negligent act of the smelter company.  The fallacy of appellant's position is in the theory that appellant's negligence consisted of a remote act, disconnected with the negligence of the railway company, and the latter's negligence or the negligence of plaintiff's fellow servants was an intervening or independent cause—when in fact appellant's act, viz.: the maintenance of the pipe was clearly a continuing and concurrent act of negligence, which was in operation at the time of the accident.  Therefore, we overrule the tenth, eleventh and sixteenth assignments of error.  (Ray v. Pecos & N. T. Ry. Co., 88 S. W. Rep., 468.)

The twenty-seventh assignment is that the court erred in failing to charge the jury upon appellant's cross action, for the reason that appellant had entered into a contract whereby the railway company assumed the duty of maintaining its track and keeping same in repair, and under which by implication its codefendant would have been bound to depress its track or otherwise obviate the dangers from said pipes, or not undertaken to operate its trains thereunder, that codefendant was the active tort feasor in operating its trains without depressing its track, as by said contract it was in duty bound to do, and it was the right of this defendant under all the facts and circumstances to have the jury determine whether or not this defendant could recover over against its codefendant in case it should be held liable herein.

The fact in evidence upon which this contention is founded is that the railway company by its understanding with appellant was charged with the duty of keeping its track in good condition and to make repairs. This was the relation that existed between defendants.  This understanding evidently did not contemplate either that the railway company should interfere with or remedy structures erected by the smelter com-

pany, or change its track to avoid such structures erected after the track was constructed. Both, by negligently suffering the dangerous conditions to remain, assumed full and equal responsibility for all damage proximately resulting to the railway's employes, from such act, as active tort feasors. The contention, therefore, that appellant was by its relation to the railway company, a mere passive or constructive wrongdoer can not be recognized.

The nineteenth assignment which is that the court erred in refusing a new trial, because there was no proof of appellant's negligence with reference to the erection of the pipes, the evidence showing that the necessities and existing conditions required the pipes to be erected no higher than they were erected; and said pipes and the dangers therefrom being open and obvious and apparent to one of ordinary intelligence and prudence, and said pipes being a permanent structure existing in the same place and condition at the time plaintiff took service with the defendant, is overruled.

The third assignment complains of the following instruction: "At the request of the plaintiff you are further instructed that if you should find and believe from a preponderance of the evidence that plaintiff met with an accident and was injured as alleged by him in his petition, and you should further find and believe from a preponderance of the evidence that said defendants, either one or both of them, were guilty of negligence, as defined to you in the main charge, and that such negligence, if any, was the proximate cause of plaintiff's accident and injuries, if any, and that plaintiff at the time and immediately prior to his said accident was not guilty of contributory negligence in sitting upon the brake, if he so did, and not otherwise guilty of contributory negligence, and he did not assume the risk, then and in that event you will find for the plaintiff although you may find and believe that at the time plaintiff was struck by said pipe, if he was struck, he was sitting on the brake wheel on top of the car." There was no error in this charge. It was not subject to the criticism that under it the jury was authorized to find against appellant though guilty of no negligence itself, if its codefendant's negligence was the proximate cause of the act. The jury would be presumed to have read the other instructions which precluded any such conception of this charge.

Another proposition under this assignment is that appellee's theory was that plaintiff failed to observe the pipes because he was engaged in the performance of his duties in releasing brakes, and appellant's theory was that plaintiff at the time was perched upon a brake wheel with his back to the engine and was not in the discharge of his duties. Appellant contends that the latter act itself would be contributory negligence under all the circumstances and that the charge in question should have stated this. Such we think would have been clearly improper as taking the question from the jury.

Another proposition is that the charge permitted a recovery upon a different theory than that pleaded by plaintiff. The petition alleges that while in the discharge of his duties incident to his employment as switchman and while assisting in the running and switching of some freight cars, he was knocked from the top of the car. That it was his duty while the cars were being moved at this point to climb upon said

cars and release the brakes in order that the cars could be controlled and placed in proper position. It is true that he went on and alleged that he was releasing a brake when he was struck. The evidence was conflicting, some of it being that he was releasing a brake, and some that he was sitting on a brake. Now the point made is that plaintiff could not recover at all, under his pleading, if he was sitting on the brake. This we think did not involve any material variance. The material proof necessary for him to make was that he was there by reason of his duties as a switchman, whether he was releasing a brake, or not. Some other criticisms of this charge are made but they are not sustained.

The twenty-third is that the court erred in the tenth paragraph of the charge wherein the jury were told that if they believed that plaintiff before or at the time the switch engine started out of the switch took his seat upon the brake wheel, etc., he was negligent that he could not recover, for the reason there was no testimony showing that he took his seat before or at the time the engine started and that plaintiff might properly have been found negligent though he did not take his seat until afterward. In the first place if the testimony is as appellant claims the charge seems to have been rather favorable to appellant. In the second place the court enlarged this one by instructions which told the jury that if he afterwards, or "at or immediately before" the injury took his seat on the brake and was negligent in doing so, he could not recover.

The twenty-fourth assignment refers to the instruction on assumed risk which we think was one of which appellant has no reason to complain.

Under the ninth, seventeenth, fourteenth and twenty-fifth assignments the proposition is that "a person erecting structures upon its premises may assume that those using such premises will exercise ordinary care, and is not bound to anticipate negligence on the part of those using same, and is not bound to erect such structures so as to be more than reasonably safe when its premises are used by persons exercising ordinary care and prudence," and hence the court erred in refusing certain charges. One of these was to the effect that if the jury believed that had the railway company ordered its employes not to ride on top of its cars plaintiff would not have been injured, and that the railway company was negligent in not so ordering and that plaintiff's injuries resulted from such negligence and not from any contributory negligence on the part of the smelter company, to find for the latter. Another was to the same effect in the event the jury believed that the railway company did not exercise ordinary care with reference to the operation of the train. Another was a charge in the terms of the above proposition. Another of these assignments complains that the court upon refusing these charges gave instead, a charge in effect that if the smelter company relied upon the railway company to warn its employes, or to construct telltales or otherwise provide against its employes being struck by the pipes, and that in so relying the smelter company acted as a person of ordinary prudence under the circumstances, and were not guilty of negligence in maintaining said pipes in the position they were under all the surrounding facts and circumstances then to find for the smelter company. The charges that were refused were properly so disposed of.

As hereinbefore explained plaintiff was not affected in his right to

recover from appellant, by any concurring negligence of the railway company, or by the failure of the latter to observe any duty which it might have owed the appellant. The charge which the court gave was as favorable a charge on the subject as appellant could have expected, and we regard it as more than appellant was entitled to.

The twentieth assignment complains of this portion of the charge: "You are instructed that it is the duty of a smelter company or other corporation or persons to exercise ordinary care to avoid injury to persons who may rightfully be upon their premises or upon property jointly used and controlled in connection with some other person or corporation." The contention is that it is enough that the owner commit no overt act that results in injury to persons on its premises when there by invitation. The railway company was not a mere trespasser, but was rightfully upon the premises exercising its right operating trains, and it was clearly the duty of the smelter company to abstain from doing anything which ordinary care would forbid, which was calculated to injure those so using the premises. The rule contended for would be applicable to a trespasser or one strictly a licensee. Here the fact was that the spur was run in and operated, by agreement, for the uses of the smelter. (Galveston Oil Co. v. Morton, 70 Texas, 400; Fry v. Hillan, 37 S. W. Rep., 359; Bennett v. Louisville & N. Ry. Co., 102 U. S., 557.)

The twenty-ninth assignment raises a question shown by the following bill of exceptions: "Be it remembered that upon the trial counsel for plaintiff in the opening argument among other things said to the jury that he did not think appellant was liable in this suit, to which argument the railway company objected and asked to have the same excluded." To the exclusion of such argument the smelter company objected. The court in ruling upon said motion to exclude said argument said that he believed the argument improper and that plaintiff should have taken a nonsuit or dismissed as to the smelter company, and then and there instructed the jury to not consider the argument, to which action the smelter company excepted.

Plaintiff it seems had no intention to dismiss the smelter company and did not do so. The remark was not evidence. It was the duty of the court under the circumstances to submit the case correctly as to both defendants. The smelter company acquired no right by the remark to be dismissed from the suit, nor to have the argument made the basis of an instructed verdict in its favor, nor was any right it had prejudiced by the court's action.

The twenty-eighth assignment is that appellant was not made a party to the action until after a large part of the costs had been incurred and that it was not liable for such part of the costs, and the judgment against it for all the costs was erroneous. This is a matter that does not appear to have been raised in the trial court.

*Affirmed.*

### ON MOTION FOR REHEARING.

We overruled, but did not discuss the nineteenth assignment of error. In placing and maintaining the obstruction so near passing trains as to endanger persons engaged in operating the trains, by their coming in contact with it, the question determining the liability of the smelter com-

pany for such consequences, is whether or not such a result could be reasonably expected by an ordinarily prudent person. It was not claimed that the company took any precautions to warn the railway employes, or to otherwise prevent injury to them against the danger inherent in the conditions maintained by it. The company had authorized the use of the right of way by trains and it was its duty to the railway employes to give the trains unobstructed passage, and the fact that the construction of the pipes higher would not have suited the purposes of the smelting company as well as where they were kept, was immaterial. The only question for the jury was whether or not the maintenance of the pipes would be expected by a person of ordinary prudence to produce such an injury as the one in question, to such employes. There were present in the testimony sufficient facts and circumstances to warrant finding the affirmative of the fact, hence the propriety of the charge authorizing the jury to find that the construction and maintenance of the pipes were negligent. See Patterson v. City of Austin, 39 S. W. Rep., 977. The other points made in the motion are not sustained.

*Overruled.*

Writ of error refused.