[No. 13777.   Department One.   March 16, 1917.]

THE CITY OF PUYALLUP, *Respondent*, v. GEORGE E. VERGOWE
et al., *Appellants*, GEORGE C. BRATT, *Intervener*,
FIDELITY & DEPOSIT COMPANY OF MARYLAND,
*Defendant*.[1]

INDEMNITY — JOINT TORT FEASORS — CONTRIBUTION — DEFECTS IN
STREETS. There being no contribution between joint tort feasors, the
city cannot recover over from a contractor for personal injuries sus-
tained by a pedestrian, where it appears that the complaint in the
action against the city alleged negligence of the city in the general
lighting of the streets, evidence was submitted to support the alle-
gation, the court submitted the issue to the jury, which found against
the city, and thereby established an independent act of negligence
on the part of the city contributing to the cause of the injury.

SAME—CONTRACTS—COLLATERAL ORAL AGREEMENT—EVIDENCE—SUF-
FICIENCY. Where a contract for a municipal improvement was re-
duced to writing, a subsequent oral agreement that the city might
retain improvement bonds as security for any judgment that might
be obtained against it for personal injuries must be proven by testi-
mony that is clear, cogent, and convincing, and this is not done,
where the contractor testified that the agreement related to his
surety bond, the city defended a personal injury action without mak-
ing the contractor a party, and did not plead his negligence as a
defense to the action.

SAME—CONTRACT—CONSTRUCTION. A bond of a contractor upon
public work agreeing to save the city harmless from all suits by rea-
son of "any failure, neglect, oversight, or incompetence . . . re-
lating to the work," relates only to damages arising from the man-
ner and method of construction; and an obligation to answer to a
third person for an independent tort is not within the contract.

Appeal from a judgment of the superior court for Pierce
county, Easterday, J., entered August 19, 1915, upon find-
ings in favor of the plaintiff, in an action to recover over
from a contractor the amount paid in satisfaction of a judg-
ment for personal injuries sustained by a pedestrian through
a defective street, tried to the court. Reversed.

[1]Reported in 163 Pac. 779.

*Davis & Neal, Lund & Lund,* and *Bates, Peer & Peterson,* for appellants.

*M. F. Porter,* for respondent.

CHADWICK, J.—In November, 1908, appellant George E. Vergowe contracted with the city of Puyallup to grade and park Union avenue, a thoroughfare of that city. While the work was in progress, one Josephine Stine brought suit, and recovered damages in the sum of $3,000, for injuries sustained at one of the Union avenue crossings. Vergowe, the contractor, was not made a party to the action.

The contract for the improvement of Union avenue contained the following clause:

"Special care shall be taken by the contractor not to obstruct travel from any direction and to cause as little inconvenience as possible to occupants of the abutting property, and to the general public. The contractor shall at all times properly guard such points as may be dangerous to the public and such dangerous points shall be indicated at night by a sufficient supply of red lights.

"The surface of all connecting streets, roadways or cross walks, which by reason of this improvement fails to conform to the general surface of the finished improvement, shall be made to conform to such finished surface by filling with suitable material, or by excavating, as the same may require, and shall be neatly brought to grade and adjusted so as to form a continuous surface, to the satisfaction of the city engineer."

The present action was brought by the city to recover the amount of the Stine judgment from the contractor. A judgment was entered that the city of Puyallup recover $3,174, with interest and costs; that the action be dismissed as to the surety, the Fidelity & Deposit Company of Maryland; that twenty-five bonds of local improvement district No. 13, now held by the city, be sold and the proceeds paid to plaintiff; and that George C. Bratt, the assignee of the

bonds and intervener, be barred from any interest therein.

The complaint in the case of Stine, alleged:

"That said city of Puyallup, as a part of its system of street lighting, maintained at the said corner a light pole and electric light, but at the time of the occurrence hereinafter complained of and for some time prior thereto, the light or lamp at said junction of streets was not in operation, being broken or otherwise out of order, and gave no light whatsoever, and said night was dark and rainy, so that the crossing where said plaintiff was about to cross and the vicinity thereabouts was dark, and there were no lights whatsoever furnished by said city at said point to enable plaintiff to see the condition of said crossing.

"That the defendant, city of Puyallup, was negligent, careless and at fault, in permitting and causing said excavation to be made and tearing away said crossing, and leaving same in a torn up, rough and dangerous condition, below its former level, and without barriers or guarding, and without lights or warning signals, and open to the public, as hereinbefore alleged, and said accident and injury to plaintiff was caused by reason thereof; and by reason of such carelessness, negligence and fault of defendant, the plaintiff, Sophia Josephine Stine, has suffered severe, painful and disabling injuries of a permanent nature as aforesaid, to her damage in the sum of four thousand seven hundred and fifty ($4,750.) dollars."

The court instructed as follows:

"You are instructed that, when a city has the power of lighting and keeping its streets in order, it is under obligations to use ordinary care that the lights shall be kept in repair and be kept burning so as to give a reasonable amount of light to persons using the streets during the night, and for any negligence on the part of the city in this respect resulting in injury to anyone using the streets, the city would be liable."

It will thus be seen that negligence as to the condition of the street light, which was a part of the general lighting system of the city, was charged in the complaint; that evidence was submitted thereon; and that the trial judge covered the issue in his instructions to the jury. This issue was

determined against the defendant city by a general verdict of the jury, and, *a priori*, established an independent act of negligence on the part of the city. That there may have been concurring negligence on the part of the contractor is immaterial. The rule governing is to be found in *Tacoma v. Bonnell*, 65 Wash. 505, 118 Pac. 642, Ann. Cas. 1913B 934, 36 L. R. A. (N. S.) 582:

"If a public street is maintained by the city in an unsafe or dangerous condition, and the negligence of a third party combines with that of the city to cause an injury to such third party, and such injury would or might not have occurred but for the combined negligence of the city and the second party, no recovery by either of the joint wrongdoers may be had against the other. *Denison v. Sanford*, 2 Tex. Civ. App. 662, 21 S. W. 784; *Consolidated Kansas City Smelting & Ref. Co. v. Binkley*, 45 Tex. Civ. App. 100, 99 S. W. 181; *Atlanta Consol. St. R. Co. v. Southern Bell Tel. & Tel. Co.*, 107 Fed. 874; *Churchill v. Holt*, 127 Mass. 165; *Trustees of Geneva v. Brush Elec. Co.*, 3 N. Y. Supp. 595; 2 Am. & Eng. Ann. Cases, 529 and note; 9 Cyc. 807."

This is but a restatement of the elementary principle that there is no contribution between joint tort feasors.

The court found that defendant had agreed with the city that it should retain the bonds in controversy as security for any judgment that might be obtained against it in the Stine case. The clerk and the city attorney testify to an understanding of this kind. It is denied by defendant. The testimony on behalf of respondent is not so entirely clear as to warrant a holding that it was understood by defendant that the improvement bonds were to be withheld. He testified that the bond referred to was his surety bond. It is not certain that the minds of the parties met in contract as respondent contends.

The law is that collateral oral contracts must be proven by testimony that is at once clear, cogent and convincing, in order to overcome the relations and mutual promises of the parties, when such promises have been theretofore reduced

to writing. In the case at bar, the parties were dealing at arms' length. They had met the demand of the law and had defined their obligations in writing, one with the other. If there was a subsequent contract in the nature of a pledge for a contingent liability, it would seem that common prudence would have demanded that the city reduce it to writing.

When the rights of parties depend on conflicting testimony, there is oftentimes as much evidentiary weight in the lack of circumstances as in positive proof. This is the law of probabilities. Here we have not only the fact that the alleged contract was not reduced to writing, but also the fact that respondent defended the Stine suit without bringing defendant in as a party; that it did not plead the negligence of defendant as a defense; and the highly improbable inferential circumstance that defendant agreed, without question and without trial, that his negligence was the proximate cause of the tort.

Respondent further contends that defendant is liable in any event. The contract of the parties provided:

"The bond 'A' to be given by the party of the second part shall be satisfactory to the council as to the amount and as to the responsibility of the sureties, and shall indemnify and save harmless the city and city council, individually and collectively, from all suits for any royalty, liens or other actions by reason of any failure, neglect, oversight or incompetency of said contractor relative to the work herein, and the said bond shall be held liable for any such unsatisfied claims beyond the balance of moneys which are due and payable to said contractor upon satisfactory completion of the work herein contemplated, and as a guarantee for the full, complete and faithful performance of all the terms and conditions of the contract entered into for the construction of said improvement."

The contract is to "save harmless . . . from all suits" and other actions by reason of "any *failure, neglect, oversight* or *incompetency* . . . *relative to the work.*" The interdependence of the words italicized makes it clear that the obligation is no more than a promise to save harmless for

all damages arising from the manner and methods of construction. An obligation to answer to a third party for an independent tort is not within the terms of the contract, nor within any of its fair implications. We conclude that defendant is not liable to answer as upon contract.

Reversed, and remanded with directions to dismiss.

ELLIS, C. J., MORRIS, MAIN, and WEBSTER, JJ., concur.

### ON PETITION FOR MODIFICATION.
[Decided March 29, 1917.]

PER CURIAM.—Our attention has been called to an oversight in the opinion heretofore rendered in this case, in that we did not pass directly upon the right of the intervener, who appeared in this action and set up title to the bonds which had been retained by the city to offset the claim which it made against the contractor, Vergowe, for losses sustained by it in meeting the judgment referred to in our opinion.

It would seem that, with the right of the city to recover being denied, and no issue being joined between defendant Vergowe and the intervener, it would follow that the intervener, being the assignee of Vergowe, would be entitled to a delivery of the bonds upon demand.

However, that all question may be avoided and the right of the intervener saved by the express mandate of this court, it will be ordered, and made a part of the opinion in this case, that the city of Puyallup shall deliver to the intervener the bonds and accumulated interest thereon now retained by it and to which the intervener asserts title.