301 F.2d 568
 D. C. TRANSIT SYSTEM, INC., a Corporation, and James B. Thompson, Appellants,
v.
Ruth GARMAN and Theodore Garman et al., Appellees.
INDEPENDENT TAXI OWNERS ASSOCIATION, INC., a Corporation, and John E. Kazley, Appellants,
v.
D. C. TRANSIT SYSTEM, INC., a Corporation, Appellee.
 No. 16314.
 No. 16316.
 United States Court of Appeals District of Columbia Circuit.
 Argued December 19, 1961.
 Decided March 29, 1962.
 
 Mr. Frank F. Roberson, Washington, D. C., with whom Mr. Jeremiah C. Collins, Washington, D. C., was on the brief, for appellants in No. 16,314 and for appellee in No. 16,316.
 Mr. Earl H. Davis, Washington, D. C., for Independent Taxi Owners Assn., Inc. and John E. Kazley, appellants in No. 16,316 and appellees in No. 16,314.
 Mr. Justin L. Edgerton, Washington, D. C., with whom Messrs. Joseph D. Bulman, Leonard Z. Bulman and Martin Mendelsohn, Washington, D. C., were on the brief, for appellees Garman in No. 16,314.
 Before BAZELON, BASTIAN and BURGER, Circuit Judges.
 BASTIAN, Circuit Judge.
 
 
 1
 These appeals are from judgments of the District Court in cases involving personal injuries and property damage.
 
 
 2
 On October 29, 1957, a bus, owned by D. C. Transit System, Inc. [Transit] and operated by its driver James B. Thompson, was in a collision with a taxicab owned and operated by John E. Kazley in a joint venture with Independent Taxi Owners Association, Inc. [ITOA]. Suit was filed by Transit against Kazley and ITOA for damages to its bus, and a counterclaim filed by Kazley and ITOA against Transit and Thompson for damages to the taxicab. A number of the bus passengers who were injured in the collision filed suit against the two drivers and against Transit and ITOA, all of whom denied negligence. The cases were consolidated for trial on the issue of liability only.
 
 I. Appeal in No. 16,314
 
 3
 The trial of the complaint in this case, that of Ruth Garman, one of the injured passengers, and Theodore Garman, her husband, was consolidated with seven other personal injury actions filed by bus passengers against ITOA, Kazley, Thompson and Transit. It was also consolidated with the property damage suit and counterclaim involving Transit, Thompson, ITOA and Kazley. On the trial, without objection if not with the consent of all the parties, the following special interrogatories were submitted to the jury, to which the jury gave the answers shown:
 
 
 4
 "1. In Civil Action No. 2931-57, the suit of D. C. Transit System, Inc. vs. Independent Taxi Owners Association, Inc., et al. (to be answered `Yes' or `No'):
 
 
 5
 "(a) Was John Emery Kazley, the operator of the taxicab, guilty of negligence which proximately caused the damage to the bus of D. C. Transit System, Inc.? Yes
 
 
 6
 "(b) Was James Bradley Thompson, Jr., the operator of the bus, guilty of negligence which proximately caused the damage to the taxicab operated by John Emery Kazley? No
 
 
 7
 "2. In the case of the plaintiffs who were passengers on the bus, herein consolidated for trial on the issue of liability (to be answered `Yes' or `No'):
 
 
 8
 "(a) Was the operator of the bus, James Bradley Thompson, Jr., guilty of a breach of the care, as explained to you in the instructions of the Court, due toward these plaintiffs as passengers for hire on the bus, and if so, was such breach of care on his part the proximate cause of the accident? Yes
 
 
 9
 "(b) Was the operator of the taxicab, John Emery Kazley, guilty of a breach of ordinary care, as explained to you in the instructions of the Court, due toward these plaintiffs, and if so, was such breach of care on his part the proximate cause of the accident? Yes"
 
 
 10
 Judgment for appellees Garman was entered against all defendants, and judgment was entered in favor of Transit against Kazley and ITOA. Thereafter, the Garman case proceeded to trial on the issue of damages and judgment was entered in their favor. The present appeal in No. 16,314 involves the issue of responsibility of Transit and Thompson for the accident, and the denial by the trial court of the claim of Transit and Thompson for exoneration or indemnity as against ITOA and Kazley. The remaining passenger cases have been stayed under stipulation pending the outcome of this appeal. Appellants here are Transit and Thompson.
 
 
 11
 The first error claimed is that the trial court failed "to enter judgment N.O.V. for appellants because there was no substantial evidence on the case as a whole which justified sending the case to the jury as to [said] appellants." We think there was sufficient evidence to support the judgments against appellants.
 
 
 12
 Appellants next claim error in that the trial court failed to enter judgment in their favor for exoneration against ITOA and Kazley on the cross-claim of appellants for whatever sums the latter may be required to pay to the Garmans because the jury found, as between appellants and ITOA and Kazley, that appellants were not negligent and that ITOA and Kazley were negligent. We disagree.
 
 
 13
 While it is true that the jury, by its answers to interrogatories 1(a) and 1(b) in the property damage cases between appellants and ITOA and Kazley, found in favor of appellants against ITOA and Kazley, it is also true that, by its answers to interrogatories 2(a) and 2(b), the jury found that there was negligence on the part of all defendants. Of course, one finding was based upon negligence growing out of the violation of the high degree of care owed by a common carrier to its passengers, and the other finding was based upon want of ordinary care. Thus, the jury held in favor of appellees against Transit and Thompson for violation of duty as a common carrier and, at the same time, found absence of due care on the part of ITOA and Kazley. Under such circumstances it follows that, there being no doctrine of comparative negligence in the District of Columbia,[1] we cannot apportion the damages, nor can we hold that appellants are entitled to exoneration from the taxicab company and its driver. Cf. Opinion of Judge Holtzoff in Warner v. Capital Transit Company, D. C., 162 F.Supp. 253 (1958),[2] cited in D. C. Transit System, Inc. v. Slingland, 105 U.S.App.D.C. 264, 266 F. 2d 465, 72 A.L.R.2d 1290 (1959), q.v.
 
 
 14
 A strikingly similar case is Duncan v. Judge, 43 Wash.2d 836, 264 P.2d 865 (1953). There the court said:
 
 
 15
 "It is appellants' contention that Duncan owed a higher duty of care to his passengers than Judge did and that, therefore, Duncan's negligence was of a different type than Judge's negligence, the latter's negligence being the primary and efficient cause of the accident. The court instructed the jury as to the high degree of care owed by Duncan to his passengers but, nevertheless, under instruction No. 25 * * * it was possible for the jury to find that both Duncan and Judge were guilty of active negligence which jointly caused the accident. It must be presumed that there was substantial evidence from which the jury could have so found. We hold that the jury by its verdict in the first tort action found both Duncan and Judge guilty of such negligence.
 
 
 16
 "This interpretation of the verdict compels the conclusion that the judgment in the first tort case is res judicata of the fact that Duncan and Judge were joint tort-feasors and that the active negligence of each was a proximate cause of the collision. They were in pari delicto and, therefore, neither is entitled to indemnity from the other." 264 P.2d at 868-869.
 
 
 17
 Accord, Massachusetts Bonding & Ins. Co. v. Dingle Clark Co. et al., 142 Ohio St. 346, 52 N.E.2d 340 (1943).
 
 
 18
 We find no error justifying reversal on the other points raised by appellants.
 
 II. Appeal in No. 16,316
 
 19
 This is the case which involves property damage to the bus. As stated, judgment in this case was entered in favor of Transit and against ITOA and Kazley. This judgment was entered on findings 1(a) and 1(b) of the jury.
 
 
 20
 We find no error.
 
 
 21
 Nos. 16,314 and 16,316 affirmed.
 
 
 
 Notes:
 
 
 [1]
 See Atchison v. Wills, 21 App.D.C. 548, 562 (1903)
 
 
 [2]
 "If, however, each of two or more joint tort-feasors is guilty of negligence in some degree, the fact that the negligence of one may be greater than that of another does not give rise to a right of indemnity. In fact, it does not change the method of apportioning contribution, because contribution can be recovered in exact proportion to the number of joint tort-feasors." 162 F.Supp. at 255