SEABOARD AIR LINE RAILWAY COMPANY, a corporation, *Plaintiff in Error,* vs. AMERICAN DISTRICT ELECTRIC PROTECTIVE COMPANY, a corporation, *Defendant in Error.*

143 So. 316.

En Banc.

Opinion filed August 2, 1932.

*Fleming & Fleming,* for Plaintiff in Error;

*Julian Hartridge,* for Defendant in Error.

DAVIS, J.—The Seaboard Air Railway Company entered into a written contract with the American District Electric Protective Company, by the terms of which the latter company, as "contractor" agreed with the railroad company as "subscriber" to operate and cause to be operated on the subscriber's premises a certain Manual Night Watch and Fire Alarm Signal System and maintain the same in good working order, with the understanding that the entire system and all devices should remain the sole property of the contractor.

In a suit between the "Subscriber" and the "Contractor" the amended declaration alleged that the "contractor," disregarding its duties under the contract, carelessly and negligently allowed one of the wires comprising the signal system to sag, of which fact it knew, or ought in the exercise of ordinary care to have known, whereby a proximate result of which, one of the employees of the railroad company by the name of W. E. Haskins, was knocked from the top of a freight car and injured, by reason whereof the railroad company became liable to him in damages, and paid him the sum of $4,112.50 in satisfaction thereof. The claim asserted thereupon was that because of the circumstances alleged, the "contractor" had likewise become liable to the "subscriber" for the damages which the "subscriber" had been compelled to pay its employee by reason of the "contractor's" negligence.

The Court sustained a demurrer to the declaration and from the final judgment entered thereon, this writ of error is taken.

A majority of the court are of the opinion that the judgment sustaining the demurrer and dismissing the suit was erroneous for the reasons hereinafter stated.

Generally, one of two joint tort feasors cannot have contribution from the other. But there are exceptions to this rule, one of which is in that class of cases where although both parties are at fault and both liable *to the person injured,* such as an employee or one of them, yet, they are not in pari delicto as to each other, as where the injury has resulted from a violation of the duty which one owes the other, so that as between themselves, the act or omission of the one from whom indemnity is sought is the primary cause of the injury. For a clear statement of this rule, which we hold is applicable to the case at bar, see Fidelity & Casualty Company vs. Northwestern Telephone Exchange Company. — Minn. —, 167 N. W. 800, and cases cited.

In the case we have here, the "contractor" assumed by its contract, the duty to "maintain" and to "operate" the signal system which was its property, though located on the premises of the railroad company. A negligent failure to perform that duty which occasioned an injury to the "subscriber's" employee, might give the injured employee the right to sue the signal company for the tort directly inflicted upon him, but this fact did not destroy the right of action which the railroad company thereby acquired against the signal company for its negligent injury of one of its employees under such circumstances as to impute liability therefor against it for which it had to make compensation by reason of its master and servant relationship to the injured party. It is significant to note in this connection that the right which the injured employee asserted against the railroad company is alleged to have arisen out of and been based on the master and servant relationship, and that this is not a case where both the alleged joint tort feasors stood in the *same* relationship to the party injured.

The relation of master and servant and the breach of the master's duty toward the servant with regard to warning him of the negligence of the signal company in leaving in his path a sagging wire, gave rise to one kind of liability from the master to the servant. But the negligence of the signal company in breaching its duty not to let the wire sag to the injury of the railroad company's servants for which the railroad company might become liable, gave rise to tort action by the railroad company against the signal company, not for the breach of the duty which the signal company owed the injured railroad employee but for a breach of the duty which the signal company owed the railroad company under the contractual relationship which had been brought into existence between them.

The railroad company and the signal company both owed the injured employee of the railroad company the duty of exercising care in protecting him from injury by the manner in which the signal system was maintained over the tracks where the employee was known to work. But the contract between the signal company and the railroad company bound the signal company to ''maintain'' its signal apparatus, which meant to maintain it and operate it without negligence. Therefore, while both the signal company and the railroad company became wrongdoers with reference to the injured employee the law will compel the signal company to bear the burden arising from its own negligence and asserted against and collected from the railroad company by virtue of its master and servant relationship to the one injured. See Pullman Co. vs. Norton (Texas) 91 S. W. 841.

Whether the same rule would apply as to the injury of a stranger, and not an employee, under the circum-

stances of this case, is not necessary to be decided, and no opinion is expressed thereon.

The declaration did not wholly fail to state a cause of action by the railroad against the signal company under the rule heretofore referred to, and for that reason, it was error to sustain the demurrer to it and enter judgment for the defendant. The judgment should be reversed and the cause remanded with directions to overrule the demurrer and have such other proceedings as may be according to law and not inconsistent with this opinion, and it is so ordered.

Reversed with directions.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.