227 So.2d 722 (1969)
AIRCRAFT TAXI CO., a Florida Corporation, Appellant,
v.
Billy M. PERKINS and Richard E. Burke, Appellees.
No. 69-313.
District Court of Appeal of Florida. Third District.
November 4, 1969.
Walton, Lantaff, Schroeder, Carson & Wahl and Calvin F. David, Miami, for appellant.
Carey, Dwyer, Austin, Cole & Selwood and Edward A. Perse, Miami, for Burke, appellees.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
*723 CHARLES CARROLL, Judge.
This is an indemnity action by one of three defendants against the other two following payment by the plaintiff of a $25,000 judgment in an automobile accident case. In this action, on motion of the defendant Burke the trial court dismissed the complaint, and the plaintiff appealed.
Helen Cain was a passenger in a taxicab owned by Aircraft Taxi Co. An automobile which was involved in the collision with the taxicab was owned by Billy M. Perkins and driven by Richard E. Burke. The driver of the taxicab was killed in the accident. The taxicab passenger Cain sued Aircraft Taxi Co., the owner of the taxicab, and the driver and the owner of the other car, and obtained judgment against them.
The determinative question is whether, when a taxicab and an automobile are involved in a collision resulting in a judgment in favor of a passenger in the taxicab against the owner thereof and against the driver and owner of the other car, the defendant owner of the taxicab, upon paying the judgment, is entitled to indemnity from the driver and/or owner of the other automobile.
In our opinion the trial court was eminently correct in answering that question in the negative. The case of Fincher Motor Sales Inc. v. Lakin, Fla.App. 1963, 156 So.2d 672, relied on by the appellant, is not applicable in this situation. In the Fincher case, the Fincher company had leased an automobile to Gulf Land & Title Company. Lakin was the driver of the automobile under the direction of the lessee Gulf. He was involved in an accident which gave rise to a suit against Fincher, as owner of the automobile, for damages for personal injuries resulting from the negligence of Lakin as driver of the automobile. After paying a substantial sum in settlement thereof, the Fincher company filed an action against the administratrix of the estate of the deceased driver Lakin and was held to be entitled to recover, on indemnity, because Fincher's vicarious liability was brought about through the active negligence of Lakin while driving the car owned by Fincher, and where, as stated in the opinion in that case: "Although both [Fincher and Lakin] were liable to the injured parties, the owner and driver were not in pari delicto as to each other."
The present case does not represent an effort by the owner of an automobile to recover against its employed driver or one driving with the owner's consent, on the indemnity theory as recognized in the Fincher case. Here the owner of the one automobile (the taxicab) is seeking indemnity from the driver and owner of the other car involved. This case does not come under any recognized exception to the rule that there is no right of indemnity as between joint tort-feasors. The verdict rendered in the passenger's suit establishes that negligence of both drivers was active, and combined to proximately cause the injuries. This is so even though the duty of care placed on the driver of the taxicab was higher than that owed by the driver of the other car to the party injured. See Duncan v. Judge, 1953, 43 Wash.2d 836, 264 P.2d 865, 868-869. Therefore, Aircraft's driver could not have indemnity from the driver or owner of the other car, and Aircraft, in claiming indemnity from the latter, stands in no better or higher position than its driver in that regard. There was no duty running to Aircraft from the driver of the other car, as there was to Aircraft from its own driver. Duncan v. Judge, supra; State ex rel. Siegel v. McLaughlin, 1958, Mo. App., 315 S.W.2d 499. Cf. Seaboard Airline Ry. Co. v. American District Electric Protective Co, 106 Fla. 330, 143 So. 316; Winn-Dixie Stores, Inc. v. Fellows, Fla.App. 1963, 153 So.2d 45.
For the reasons stated the order dismissing the complaint is affirmed.