242 So.2d 472 (1970)
John H. STEMBLER and Insurance Company of North America, Appellants,
v.
Michael Sanford SMITH, Appellee.
William Jenkins STEMBLER, John H. Stembler, and Insurance Company of North America, Appellants,
v.
HI-J, INC., d/b/A Shakey's Pizza Parlor of Gainesville, Florida, Appellees.
Nos. N-98, N-99.
District Court of Appeal of Florida, First District.
December 8, 1970.
Rehearing Denied January 11, 1971.
Sanders, McEwan, Mims & McDonald, Orlando, for appellants.
Howell, Kirby, Montgomery & D'Aiuto, Orlando, for appellee, Michael Sanford Smith.
Charles A. Williams, Jr., Jenkins & Williams, Gainesville, for appellee, Hi-J, Inc.
RAWLS, Judge.
Appellants Stembler and his insurer, who were defendants and third party plaintiffs below, appeal from two final judgments dismissing their third party complaints seeking indemnity.
By their primary point the appellants submit that the general rule prohibiting contribution between tort-feasors is based on public policy denying to an intentional wrongdoer the aid of the law in adjusting any claim against his collaborator in causing a deliberate and planned injury to a third person, and so the rule ought to be inapplicable where the tort against the third person is due only to simple negligence without any moral turpitude or deliberate intention to commit the injury. Succinctly, appellant is asking this Court to recede from the rule of noncontribution among joint tort-feasors.
Plaintiff Shackelford, a minor, and his father brought an action for personal injuries received when the minor was struck by a car owned by defendant John Stembler, and operated by his son, William Stembler. The issue was clearly drawn: Were Shackelford's injuries proximately *473 caused by the negligence of William Stembler? It was at this stage that appellants filed third party complaints against Smith, whom they alleged darted out into the highway in front of Stembler causing him to swerve his automobile and hit Shackelford; and against Hi-J, Inc., whom appellants alleged sold beer and other intoxicating beverages to Shackelford.
On behalf of the driver of the automobile the appellants by their brief and argument of able counsel importunes this Court to blaze a new trail and abolish the rule of noncontribution among joint tort-feasors because it is "immoral to continue the no contribution rule except in cases of willful tort."
On behalf of the owner of the automobile the appellants contend that since he is not in pari delicto with the tort-feasors, his liability being vicarious only and not due to active negligence, he is entitled to indemnity from those whose active negligence was the proximate cause of the accident. They urge this Court to adopt a rule allowing pro rata contribution between joint or concurrent tort-feasors whose liability is based upon vicarious responsibility and allowing indemnity to one who is passively or vicariously liable from one who is an active tort-feasor.
We decline to swing the ax of appellants' logic to the long established rule of law in this State. This Court in a recent opinion authored by Judge Wigginton[1] again reaffirmed the long established principle of law that the negligence of a motor vehicle operator is imputed to the owner under the doctrine of respondeat superior, and a tortious act of agent-operator becomes the tortious act of the principal owner; thus, in an action brought by the injured party both the driver and the owner are joint tort-feasors.
Although one vicariously liable is entitled to full indemnity from his agent whose active negligence was a proximate cause of the injury, the courts of this State have not heretofore extended this principle beyond allowing the owner of a vehicle to recover from his employed driver or one driving with the owner's consent, except where one tort-feasor owes a duty, by contract or otherwise, to indemnify the other.[2] Aircraft Taxi Company v. Perkins[3] set at rest the issue presented here when it held that where the combined negligence of the drivers of two vehicles was the proximate cause of the injury, the owner of one vehicle could not claim indemnity against either the owner or the driver of the other vehicle.
Since neither of the third party defendants are liable to appellants for any or all of the plaintiff's claim, dismissal of the third party complaints was not error. The fact that other joint tort-feasors may be liable to the plaintiff is immaterial.
The judgments appealed are affirmed.
JOHNSON, C.J., and SPECTOR, J., concur.
NOTES
[1] Gerardi v. Carlisle, 232 So.2d 36 (Fla. App. 1st 1970).
[2] Westinghouse Electric Corporation v. J.C. Penney Company, 166 So.2d 211 (Fla. App. 1st 1964).
[3] Aircraft Taxi Company v. Perkins, 227 So.2d 722 (Fla.App.3d 1969).