### SEABOARD COAST LINE R. R. CO v. DAN GRAVES MASONRY, Inc.
No. 10246.

Circuit Court, Pinellas County.

February 5, 1971.

Sam H. Mann, Jr. of Harrison, Greene, Mann, Davenport, Rowe & Stanton, St. Petersburg, for the plaintiff.

Robert F. Nunez, St. Petersburg, for the defendant.

BEN F. OVERTON, Circuit Judge.

*Opinion:* This cause is before the court on complaint, answer, testimony, evidence, and memorandum briefs from each party. The court has ruled there is no issue of fact to submit to a jury, and all that remains is for the court to determine as a matter of law whether the plaintiff is entitled to recover damages from the defendant, Dan Graves Masonry, Inc.

This cause arises from an unusual set of circumstances which are unrefuted in the evidence. The plaintiff, Seaboard Coast Line Railroad Company, maintains a certain way track for the unloading of freight cars on property adjacent in part to the defendant's masonry plant. Alongside the way track on the plaintiff railroad's property is a shell road which is used to service the way track, and for many years has also been used as a manner of the ingress and egress to the defendant's masonry plant. For a period of time, trucks of the defendant have averaged approximately forty round trips per day over this shell road. On the day of the incident the defendant, in order to hold down the dust and neighbor's complaints, directed one of its employees, Charles M. Kearse, to water down the road. This was accomplished by having one of the concrete mixer trucks filled with water, and by turning the mixer, watering down the roadway. In doing so, the operator of the truck, Charles M. Kearse, backed into the switch stand along the side of the roadway, knocking the switch over. Within five to fifteen minutes a freight train of the plaintiff's approached, proceeding south on the main track. The engineer, upon noticing no switch stand, put the train into its emergency stop procedure. The train did not stop in sufficient time and when the engine reached the switch the front wheels went down the main track and the rear down the way track, causing the engine to derail and tip over, with resulting derailment of other cars and damage to the railroad

tracks. The engineer, James P. Hall, and a brakeman, Andrew J. Barksdale, Jr., suffered personal injuries. They each brought actions against Seaboard Coast Line Railroad Company, Dan Graves Masonry, Inc., and its employee, Charles M. Kearse. Said actions were filed in Pinellas County, and carried the circuit civil numbers 15,248 and 17,078. These actions were consolidated for trial and tried before a jury. The issues presented to the jury in the court's final instructions were as follows —

Although the claims of Barksdale and Hall against Seaboard, Dan Graves Masonry and Charles M. Kearse have been tried together, each is separate from the other and each party is entitled to have you separately consider each claim as it affects that party; therefore, in your deliberations you should consider the evidence as it relates to each claim separately as you would had each claim been tried before you separately.

You are further instructed that there is a distinction in the claims made by Barksdale and Hall against the first defendant, Seaboard Coast Line Railroad, and secondly against the defendants, Dan Graves Masonry, Inc., and Charles M. Kearse.

On the claims of the plaintiffs, Barksdale and Hall against the defendant, Seaboard Coast Line Railroad Company, you are instructed that the duty of the defendant, Seaboard Coast Line Railroad, to its employees under the Federal Employees Liability Act is to exercise ordinary care to supply reasonably safe places, appliances, and methods for their employees to carry out their employment. Under the Federal Employees Liability Act the defendant, Seaboard Coast Line Railroad Company, is liable if its agents, servants, or employees, acting in the scope of their agency or employment, were negligent, and their negligence played any part, however small, in producing the injury for which the damages are sought.

The issue for your determination on the claim of the plaintiffs, Barksdale and Hall, against the defendant, Seaboard Coast Line Railroad, is: whether the defendant, Seaboard Coast Line Railroad, was negligent in failing to provide reasonably safe places, appliances, and methods for the plaintiffs to work, and if so, whether such negligence was a legal cause of the loss, injury or damage sustained by the plaintiffs Barksdale and Hall.

If the greater weight of the evidence does not support the claim of the plaintiffs Barksdale and Hall on this issue, then your verdict should be for the defendant Seaboard; however, if the greater weight of the evidence does support the claim of

142

the plaintiffs Barksdale and Hall, then your verdict should be for these plaintiffs and against the defendant Seaboard.

On the claim of the plaintiffs Barksdale and Hall against the defendants Dan Graves Masonry, Inc., and Charles M. Kearse, you are instructed that the defendant Dan Graves Masonry, Inc. is responsible for any negligence of the defendant Charles M. Kearse, in operating the truck owned by the defendant Dan Graves Masonry, Inc.

You are further instructed that this court has determined as a matter of law that the defendant Charles M. Kearse was negligent in the operation of the truck owned by the defendant Dan Graves Masonry, Inc. The issue for your determination on the claims of the plaintiffs Barksdale and Hall is whether the negligence of Charles M. Kearse was a legal cause of the loss, injury or damage sustained by the plaintiffs Barksdale and Hall.

If the greater weight of the evidence does support the claim of the plaintiffs Barksdale and Hall then you shall consider the defense raised by the defendants Dan Graves Masonry and Charles M. Kearse. On the defense, the issue for your determination is whether the defendants Barksdale and Hall were themselves negligent, and if so, whether such negligence was a contributing legal cause of the injury or damage complained of, thus barring their recovery on their claims.

If the greater weight of the evidence supports this defense of the defendants Graves and Kearse, then your verdict should be for these defendants. If, however, the greater weight of the evidence does not support the defense of the defendants Graves and Kearse, and the greater weight of the evidence does support the claims of the plaintiffs, then your verdict should be for the plaintiffs and against the defendants Graves and Kearse.

In summary, you must determine:

1. Whether the defendant, Seaboard Coast Line Railroad Company, was negligent, which was a legal cause of the loss, injury or damage to the plaintiffs Barksdale and Hall.

2. Whether the negligence of the defendant Kearse, in operating the truck of the defendant Graves, was the legal cause of the loss, injury or damage to the plaintiffs Barksdale and Hall, and if so, is recovery barred by the negligence of the plaintiffs Barksdale and Hall?

You may find for the plaintiffs and against either or both of the defendants, or you may find for both of the defendants.

The jury found for the plaintiff Barksdale in the amount of $155,000 and the plaintiff Hall in the amount of $275,000, and against all defendants.

The effect of these verdicts is —

(1) That the defendant, Seaboard Coast Line Railroad Company, was negligent in failing to provide reasonably safe places, appliances, and methods for the plaintiffs to work, and that this was a legal cause of the damage sustained by the plaintiffs.

(2) That the negligence of the defendant, Charles M. Kearse, in operating the truck owned by the defendant Dan Graves was the legal cause of the loss, injury, or damage sustained by the plaintiffs. Further, that the plaintiffs Barksdale and Hall were found not guilty of any contributory negligence.

In the action now before the court, the plaintiff Seaboard seeks (1) indemnity for its obligation under said personal injury verdicts, and (2) recovery for damages to its property, specifically, its engine, cars, and tracks, which the parties have each stipulated amounts to $15,000, the defendants in doing so not admitting liability.

The facts concerning negligence have either been determined in the prior actions or are unrefuted, and the amount of damages on both claims are fixed.

The principal issue for determination is whether the plaintiff Seaboard is entitled to indemnity for the personal injury verdicts; more specifically, whether the railroad's negligent failure to install barricades and switchpoint locks constituted passive or secondary negligence, allowing indemnity, or was this conduct active negligence which would prevent recovery. This court has determined that it is a matter of law for the court to determine whether the actions of the railroad constitute passive or active negligence.

The court must also determine whether the plaintiff Seaboard is entitled to recover property damages resulting from the incident.

On the claim for indemnity, it is the general rule that one of two joint tort-feasors cannot recover contribution or indemnity from the other. There are exceptions to this rule as specifically expressed by the Supreme Court of Florida in Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 143 So. 316, wherein the court said —

> Generally one of two joint tortfeasors cannot have contribution from the other. But there are exceptions to this rule, one of which

is in that class of cases where although both parties are at fault and both liable *to the person injured*, such as an employee of one of them, yet they are not in pari delicto as to each other, as where the injury has resulted from a violation of the duty which one owes the other, so that as between themselves, the act or omission of the one from whom indemnity is sought is the primary cause of the injury.

The exception is discussed extensively in the annotation of *"Right of Railroad, Charged with Liability for Injury to or Death of Employee under FELA, to Claim Indemnity or Contribution from Other Tort-feasor."* 19 ALR 3d 928. This annotation reviews certain cases arising out of the situation where the railroad is charged with liability for an employee under the FELA, but allows the railroad to be indemnified from a third party who is also liable to the injured employee. One of the reasons for this exception is that a railroad under the FELA may be liable if it fails to provide a safe place to work. The obligation of a railroad in these circumstances was set forth in Atlantic Coast Line Railroad Company v. Barrett, 101 So.2d 37, wherein the court said —

> While proof of negligence on the part of the employer is required to support a recovery by an injured employee, the quantum of proof necessary to establish such negligence and the extent of the negligence of the employer required as a basis for recovery have been reduced almost to the vanishing point by recent decisions of the Supreme Court of the United States. In Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 448, 1 L.Ed. 2d 493, the following is said with reference to this statute:
>
> > "Under this statute the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought . . .
> >
> > "The law was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer's negligence. The employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit. The burden of the employee is met, and the obligation of the employer to pay damages arises, when there is proof, even though entirely circumstantial, from which the jury may with reason make that inference."

Just because there is negligence by a third party causing injury to a railroad employee does not mean that the railroad is automatically entitled to indemnity. There are three instances which take the railroad out of the exception — first, when each of the joint tort-feasors, the railroad, and the third party have breached a duty to the other; second, when each was equally guilty of active negligence; and third, when the railroad seeking indemnification had knowledge of a dangerous condition caused by a third party and failed to correct it, and in fact, acquiesced in its existence.

The record reflects that there were no prior instances of any vehicles striking the switch stand, and further that the railroad had no knowledge that the switch had been struck by the truck of Graves.

The issue whether the plaintiff Seaboard can recover on its property damage claim is in this court's opinion critical to the indemnity issue. On the property damage claim the court must determine if the plaintiff Seaboard is entitled to recover damages for its engine, cars, tracks and switch from the defendant Graves for the negligent action of its driver, or is the defendant Graves entitled to claim as a defense that the plaintiff Seaboard negligently failed to construct appropriate barricades and install switch point locks. To say it another way, did the plaintiff Seaboard have a duty to Graves to install barricades and switchpoint locks on its switch. It clearly has been established that Seaboard had such a duty to its employees Barksdale and Hall, but it is this court's opinion that there was no such duty to Graves.

In Winn-Dixie Stores Inc. v. Fellows, (Fla. App. 1963) 153 So.2d 45, the First District Court of Appeal held that as between two persons either of whom may be guilty of negligence, causing an injury to a third party, indemnity will be allowed where the injury has resulted from a violation of a duty which one defendant owes to the other, so that as between themselves the act or omission of the one from whom indemnity is sought is the primary cause of the injury. The law as stated therein is applicable here.

This court, while sympathizing with the defendant Graves that an initial minor collision can result in such substantial damages and horrendous result to the defendant, can only conclude that the law as herein set forth requires that the plaintiff Seaboard be indemnified from the defendant Graves for damages to Barksdale and Hall, and further, that the plaintiff Seaboard is entitled to recover from defendant Graves property damages in the amount of $15,000.

This court will enter an appropriate final judgment in accordance with the findings contained herein.