293 So.2d 777 (1974)
Minnie ISSEN, Plaintiff,
v.
Harry LINCENBERG, Defendants.
No. 74-135.
District Court of Appeal of Florida, Third District.
March 26, 1974.
Rehearing Denied May 17, 1974.
Whitman, Wolfe & Heckerling, Miami, for plaintiff.
Kuvin, Klingensmith & Coon, Miami, for Rhodes, Weinstein & Bavly, for Lincenberg, defendants.
Podhurst, Orseck & Parks, Miami, for Academy of Florida Trial Lawyers, amicus curiae.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
CARROLL, Judge.
On July 16, 1972, one Minnie Issen suffered personal injuries in an automobile accident. She was a passenger in a car driven by Harry Lincenberg, involved in a collision with one driven by Ronald Rhodes, owned by Elinor Rhodes.
Minnie Issen filed this action for damages against Lincenberg and the Rhodes. The plaintiff was not guilty of negligence, and it was established at the trial that the *778 negligence of each of the defendant drivers was a contributing legal cause of the plaintiff's injuries. In answer to special interrogatories submitted by the court, the jury found that of the negligence of the two drivers, Lincenberg's represented 15% and that of Rhodes was 85%, and the jury fixed $20,000 as the amount of damages which the plaintiff was entitled to recover. Being uncertain as to whether the judgment to be entered in favor of the plaintiff should be charged against the defendants in the percentages above stated, or in full against the several defendants, the trial court certified to this court (under Rule 4.6 FAR, 32 F.S.A.) the following question:
"Where the plaintiff, in an automobile injury accident case sues two defendants, alleging both to be negligent resulting in injuries to the plaintiff, is it proper for the trial judge to allow the jury to apportion fault as it sees fit between the negligent defendants, therefore, was it proper in a case wherein the plaintiff sued two defendants, alleging each negligently operated to instruct the jury to apportion fault and submit the foregoing special interrogatories to the jury?"
Upon consideration of the question, with benefit of briefs filed by the defendants and an amicus curiae, we hold the certified question should be and it hereby is answered in the negative.
The doctrine of comparative negligence (Hoffman v. Jones, Fla. 1973, 280 So.2d 431) is not applicable between defendant joint tort-feasors. The doctrine is one which is applied between a damage claimant and a defendant (or defendants), that is, in an action where negligence of a plaintiff, on the one hand, and negligence of a defendant (or defendants), on the other hand, have contributed to constitute legal cause of the plaintiff's injury or loss.
In the law of Florida (subject to certain exceptions not applicable here) there is no contribution between joint tort-feasors.[1] The Supreme Court appears to have recognized the continued existence of that rule notwithstanding adoption of the doctrine of comparative negligence, in Hoffman v. Jones, supra (280 So.2d at 439).
Moreover, in this case where the plaintiff was not guilty of any negligence contributing to cause her injuries, the doctrine of comparative negligence was not involved. The plaintiff was entitled to judgment against the defendants for the damages awarded to her by the jury verdict.
The certified question having been answered, the cause is remanded to the trial court for further proceedings.
NOTES
[1] Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316; Kellenberger v. Widener, Fla. App. 1963, 159 So.2d 267; Westinghouse Electric Corp. v. J.C. Penney Co., Fla.App. 1964, 166 So.2d 211; Aircraft Taxi Co. v. Perkins, Fla.App. 1969, 227 So.2d 722; Stembler v. Smith, Fla.App. 1971, 242 So.2d 472.