312 So.2d 249 (1975)
TRAVELERS INSURANCE COMPANY and Matthews Construction Company, Appellants,
v.
Audie L. BALLINGER and Dennis Ballinger, Her Husband, Appellees.
No. X-121.
District Court of Appeal of Florida, First District.
May 14, 1975.
*250 Charles Cook Howell, III, of Howell, Kirby, Montgomery, D'Aiuto & Dean, Jacksonville, for appellants.
James T. Terrell, Jacksonville, for appellees.
MILLS, Judge.
This is an appeal from an interlocutory order in an action at law. As an interlocutory appeal, it does not fit any of the categories for review of an interlocutory order under Rule 4.2, Florida Appellate Rules. We, therefore, have no jurisdiction to review it on interlocutory appeal. However, we will consider the notice of interlocutory appeal as a petition for common law certiorari and rule on the issue raised by appellant as it is of importance under the comparative negligence doctrine.
On 20 February 1973, Audie L. Ballinger, a passenger in an automobile owned by her husband and driven by her daughter, suffered personal injuries when a dump truck owned by Matthews Construction Company was driven into the rear of an automobile stopped behind the stopped Ballinger automobile, propelling it into the rear of the Ballinger automobile.
Mrs. Ballinger and her husband filed this action against Matthews Construction Company and its insurer. As a defense, Matthews Construction Company asserted that Mrs. Ballinger's injuries and damages were caused or negligently contributed to by the negligence of her daughter and the driver of the automobile propelled into the rear of the automobile occupied by her, or one of them, and Matthews Construction Company's liability, if any, is limited solely to the injuries and damages negligently caused by it. The trial court granted the Ballinger's motion to strike this defense on the ground that it failed to state a legal defense. Matthews Construction Company seeks review of this order.
Generally, there is no contribution among joint tortfeasors and the Supreme Court of Florida in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), recognized this rule and declined to abrogate it. Rader, et al. *251 v. Variety Children's Hospital, et al., 293 So.2d 778 (Fla.App. 1974).
The comparative negligence rule is not applicable between defendant joint tortfeasors, Issen v. Lincenberg, 293 So.2d 777 (Fla.App. 1974). The rule is applied only in an action where negligence of plaintiff and of defendant has contributed to the cause of plaintiff's injury and damage. Hoffman v. Jones, supra; Issen v. Lincenberg, supra. The rule's application is limited to the parties of a suit. Hoffman v. Jones, supra.
There can be no contribution or apportionment between a defendant and a non-party tortfeasor. Gutierrez v. Murdock, 300 So.2d 689 (Fla.App. 1974). The jury must first determine the negligence of the plaintiff and of the defendant as related to each other and then apportion the damages.
Certiorari denied.
McCORD, J., concurs.
BOYER, Acting C.J., concurs specially.
BOYER, Acting Chief Judge (specially concurring).
I agree that application of the holdings of the cases cited in the above opinion requires affirmance. A literal interpretation of that portion of Hoffman v. Jones which is quoted in Gutierrez v. Murdock permits no other conclusion. However, it is apparent that a consistent application of that holding will often lead to inequitable and unjust results, the avoidance of which was the fundamental reason for abrogation of the old contributory negligence doctrine. Accordingly, with great trepidation and extensive reservations, in keeping with the time honored doctrine of stare decisis, until such time as the Supreme Court of Florida shall have ruled on the issues squarely presented, I concur.