318 So.2d 386 (1975)
Harry LINCENBERG, Petitioner,
v.
Minnie ISSEN et al., Respondents.
No. 45696.
Supreme Court of Florida.
July 30, 1975.
Rehearing Denied October 8, 1975.
*387 Arthur J. Morburger, Alvin N. Weinstein and Harry D. Bavly of Weinstein & Bavly, Miami, for petitioner.
Mark Pollack of Whitman & Wolfe, P.A., Miami, for Minnie Issen, and R. Fred Lewis of Kuvin, Klingensmith & Coon, Miami, for Angelo and Eleanor Rhodes, respondents.
Robert Orseck of Podhurst, Orseck & Parks, and J.B. Spence, Miami, for Academy of Florida Trial Lawyers, amicus curiae.
Kenneth L. Ryskamp of Bolles, Goodwin, Ryskamp & Welcher, Miami, for Florida Defense Lawyers Assn., amicus curiae.
Mark Hicks of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for Luke Rader, M.D. and The Employers Fire Ins. Co., amicus curiae.
Anne C. Booth of Hall & Booth, Tallahassee, for amicus curiae.
ROBERTS, Judge.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, in Issen v. Lincenberg, Rhodes and Rhodes, reported at 293 So.2d 777 (Fla. App. 1974), which conflicts with this Court's decision in Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
Succinctly, the facts are as follows:
Minnie Issen sued Eleanor and Ronald Rhodes and Harry Lincenberg alleging that on July 16, 1972, she was a passenger in an automobile owned and driven by the defendant, Harry Lincenberg, which collided with a vehicle owned by Eleanor Rhodes and driven by Ronald Rhodes. Plaintiff was not guilty of negligence, and it was established at the trial that the negligence of each of the defendant drivers was a contributing legal cause of the plaintiff's injuries. In response to special interrogatories submitted by the trial court, the jury found that as to the negligence of the two drivers, Lincenberg's represented 15% and Rhodes' represented 85%, and the jury fixed $20,000 as the amount of damages which plaintiff was entitled to recover. The following special interrogatory verdict form was submitted to the jury:
"1. Was there negligence on the part of the Defendant, HARRY LINCENBERG, which was the legal cause of the accident?
 YES &check; NO ____

*388 If so, state the percentage (%) of the negligence attributable to Defendant HARRY LINCENBERG.
15%
2. Was there negligence on the part of Defendants, ELEANOR RHODES and RONALD ANGELO RHODES, which was the legal cause of the accident?
 YES &check; NO ____
If so, state the percentage (%) of negligence attributable to these Defendants.
85%
3. What is the total amount of damages, if any, you find that the Plaintiff MINNIE ISSEN has sustained as a legal result of the accident?
$20,000.00 (twenty thousand 00/100)
DATE 10-24-73
 /s/ William J. Eckerth
 FOREMAN"
Being uncertain as to whether the judgment to be entered in favor of the plaintiff should be charged against the defendants in the percentages above-stated or charged in full against the several defendants, the trial judge certified the following question to the District Court of Appeal, Third District:
"Where the plaintiff, in an automobile injury accident case sues two defendants, alleging both to be negligent resulting in injuries to the plaintiff, is it proper for the trial judge to allow the jury to apportion fault as it sees fit between the negligent defendants, therefore, was it proper in a case wherein the plaintiff sued two defendants, alleging each negligently operated to instruct the jury to apportion fault and submit the foregoing special interrogatories to the jury?"
The District Court answered this question in the negative and opined:
"The doctrine of comparative negligence (Hoffman v. Jones, Fla. 1973, 280 So.2d 431) is not applicable between defendant joint tort-feasors. The doctrine is one which is applied between a damage claimant and a defendant (or defendants), that is, in an action where negligence of a plaintiff, on the one hand, and negligence of a defendant (or defendants) on the other hand, have contributed to constitute legal cause of the plaintiff's injury or loss.
"In the law of Florida (subject to certain exceptions not applicable here) there is no contribution between joint tort-feasors. [Footnote: Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316; Kellenberger v. Widener, Fla.App. 1963, 159 So.2d 267; Westinghouse Electric Corp. v. J.C. Penney Co., Fla.App. 1964, 166 So.2d 211; Aircraft Taxi Co. v. Perkins, Fla.App. 1969, 227 So.2d 722; Stembler v. Smith, Fla.App. 1971, 242 So.2d 472.] The Supreme Court appears to have recognized the continued existence of that rule notwithstanding adoption of the doctrine of comparative negligence, in Hoffman v. Jones, supra (280 So.2d at 439).
"Moreover, in this case where the plaintiff was not guilty of any negligence contributing to cause her injuries, the doctrine of comparative negligence was not involved. The plaintiff was entitled to judgment against the defendants for the damages awarded to her by the jury verdict."
This Court granted certiorari to review the instant decision of the District Court because of the direct conflict with Hoffman v. Jones, 280 So.2d 431 (Fla. 1973), wherein this Court adopted the doctrine of comparative negligence.
In Hoffman v. Jones, supra, this Court opined that contemporary conditions must be met with contemporary standards which are realistic and better calculated to obtain *389 justice among all the parties involved, based upon the circumstances applying between them at the time in question and explicitly stated:
"Whatever may have been the historical justification for it, today it is almost universally regarded as unjust and inequitable to vest an entire accidental loss on one of the parties whose negligent conduct combined with the negligence of the other party to produce the loss. If fault is to remain the test of liability, then the doctrine of comparative negligence which involves apportionment of the loss among those whose fault contributed to the occurrence is more consistent with liability based on [the] fault premise.
* * * * * *
"When the negligence of more than one person contributes to the occurrence of an accident, each person should pay the proportion of the total damages he has caused the other party."
Therein, this Court specifically declared that in the field of tort law, the most equitable result that can ever be reached by a court is the equation of liability with fault. Relative to the argument against judicial derogation of common law, this Court in Hoffman, supra, at 435, explained that "Even if it be said that the present bar of contributory negligence is a part of our common law by virtue of prior judicial decision, it is also true from Duval [Duval v. Thomas, 114 So.2d 791 (Fla. 1959)] that the Court may change the rule where great social upheaval dictates. It has been modified in many instances by judicial decision, such as those establishing the doctrine of `last clear chance', `appreciable degree' and others."
Petitioner urges that in view of the rationale of this Court in Hoffman, supra, social policy and equity dictate that this Court adopt a rule of apportionment among joint tortfeasors whereby the jury would determine the proportional percentage of causal negligence of each of the joint tortfeasors. The principal contention of respondents is that in Florida there can be no contribution between joint tort-feasors and that the judicial adoption of the principles of comparative negligence does not require a change in the law of Florida to permit apportionment or contribution among joint tortfeasors.
Initially, we are compelled to elucidate on the questioned continued viability and compatibility of the principle of no contribution among joint tortfeasors, a doctrine to which the courts in Florida have been committed in negligence suits although significantly we must note that various exceptions have been created to alleviate the harshness of this rule. See: Seaboard Air Line Ry. Co. v. American District Electric Protective Co., 106 Fla. 330, 143 So. 316 (1932); Crenshaw Bros. Produce Co. v. Harper, 142 Fla. 27, 194 So. 353 (1940); Westinghouse Elec. Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla.App. 1964); Kellenberger v. Widener, 159 So.2d 267 (Fla. App. 1963); Stembler v. Smith, 242 So.2d 472 (Fla.App. 1, 1970); Aircraft Taxi Co. v. Perkins, 227 So.2d 722 (Fla.App. 3, 1969); and Stuart v. Hertz, 302 So.2d 187 (Fla.App. 4), Opinion filed September 27, 1974. Pertinent to the exceptions created to the rule against contribution, the Court of Appeals of New York in Dole v. Dow Chemical, 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288 (1972), opined:
"It has been observed that the doctrine of indemnity `evolved in the unnatural surroundings of an inflexible rule against contribution' and that courts have relied on `artificial distinctions' such as `active-passive' and `misfeasance-nonfeasance' (65 Col.L.Rev. 123, 126, op. cit.).
* * * * * *
"One of the first studies made by the New York Law Revision Commission was on this subject (1936 Report, pp. 703-747) followed almost 20 years later by a further study in depth of the problem, *390 and of the direction of decisional law (1952 Report, pp. 21-63).
"The earlier study noted the refusal to allow contribution among joint tort-feasors was `of doubtful validity even in the most extreme case' (p. 720). The 1952 study observed what seems manifest in the willingness of the court to ameliorate an injustice by the `passive-active' concept, that essentially what had happened is the recognition by the court of a discernible `difference in the degree of the wrong committed' (p. 54)."
The principle of no contribution had its inception in the English case of Merryweather v. Nixan, 8 Term.Rep. 186, 101 Eng.Rep. 1337 (K.B. 1799), and was based on the principle "in pari delicto potior est conditio defendentis,"  no man can make his own misconduct the ground for an action in his favor. Adamson v. Jarvis, 4 Bing. 66. The majority of states have receded from this doctrine either by legislation or judicial fiat in view of its inequity and harshness.[1] The rationale for this change of view is generally explained that principles of justice require that in the case of a common obligation, the discharge of it by one of the obligors without proportionate payment from the others, gives the latter an advantage to which he is not equitably entitled. George's Radio v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219 (1942); Wiener v. United Air Lines, 216 F. Supp. 701 (S.D.Cal. 1962). This Court early stated in Love v. Gibson, 2 Fla. 598 (1849), that the principal of contribution does not spring from contract but rather is based on a principle of equity and justice that one person should not be singled out by the creator to pay the whole demand. Pertinent to the question as to whether this Court should recede from the principle of no contribution as the majority of jurisdictions have done and relative to the problems in general created by a change to comparative negligence rule, this Court in Hoffman, supra, explained the purposes of the adoption of the rule to be as follows:
"(1) To allow a jury to apportion fault as it sees fit between negligent parties whose negligence was part of the legal and proximate cause of any loss or injury; and
(2) To apportion the total damages resulting from the loss or injury according to the proportionate fault of each party. Hoffman v. Jones, 287 280 So.2d 431 439."
*391 With emphasis, we restate that this Court in Hoffman announced that when the negligence of more than one person contributes to the occurrence of an accident, each should pay the proportion of total damages which he has caused the other party. The same rationale eliminates justification for the no contribution principle and dictates that this rule be abolished. Cf. Orr v. United States, 486 F.2d 270 (5th Cir. C.A. 1973); Tampa Electric Co. et al. v. Stone & Webster Engineering Corp., etc., 367 F. Supp. 27 (U.S.D.C.Fla. 1973). There is no equitable justification for recognizing the right of the plaintiff to seek recovery on the basis of apportionment of fault while denying the right of fault allocation as between negligent defendants. Courts in other states which have receded from the doctrine of no contribution have emphasized the unfairness and injustice of placing the entire burden upon the one who happens to be called upon to pay the entire damages where such payment should in justice be shared by another who shared the responsibility for the injury. See Ellis v. Chicago & N.W. Ry. Co. et al., 167 Wis. 392, 167 N.W. 1048 (1918); Rusch v. Korth, 2 Wis.2d 321, 86 N.W.2d 464 (1957); Davis v. Broad Street Garage, 191 Tenn. 320, 232 S.W.2d 355 (1950). In a special concurring to the decision of this Court in Ward v. Ochoa, 284 So.2d 385 (Fla. 1973), Justice Dekle relative to the impact of the adoption of a comparative negligence rule on the rule against contribution among joint tortfeasors accurately concluded:
"In any full consideration of the degrees of liability of the parties involved in a single accident, it now seems essential to a complete disposition of the relative claims, that we remove the limitation imposed by the rule against the division of liability among joint tortfeasors. A further reason supporting such discontinuance of the rule, in view of the change in the law, is the fact that in most instances tortfeasors are financially reliable through insurance coverage. This fact eliminates one of the basic reasons for the rule which was to insure a full recovery by an injured party, no matter against which one he had to go for how much.
"In the present posture of the matter, for `equal justice' on a comparative basis, any involved party should be brought into the matter in such position as he actually appears, and the limitation on our own Florida third party practice which stands in the way of this should be revamped accordingly. To continue without this completion of the change over to comparative negligence, is to allow what was a well-intended joint tortfeasor rule to be used unfairly as a tool to avoid complete justice. The object is to have a full and fair evaluation by the jury of the extent of each party's actual liability."
Therefore, although this Court has in the past recognized as viable the principle of no contribution, in view of a re-examination of the principles of law and equity and in light of Hoffman and public policy, as a matter of judicial policy, it would be undesirable for this Court to retain a rule that under a system based on fault, casts the entire burden of a loss for which several may be responsible upon only one of those at fault, and for these reasons this Court recedes from its earlier decisions to the contrary.
During the pendency of this appeal, the Legislature passed Section 768.31,[*] Florida Statutes, the Uniform Contribution Among Joint Tortfeasors Act, which was signed into law by the Governor on June 13, 1975, which Act took effect upon becoming law. This Act provides that it shall apply to all causes of action pending at the time of its passage wherein the rights of contribution *392 among joint tortfeasors are involved and cases filed after the effective date of the law.
Having established that "no contribution" is no longer a viable principle in Florida, we were confronted with the problem of determining what procedure will most fully effectuate the principle that each party should pay the proportion of the total damages he has caused to the other party, and we considered several alternatives.[2] However, since Section 768.31 became effective during the pendency of this cause, the procedure adopted therein by the Florida Legislature relative to contribution among joint tortfeasors applies sub judice. The Act retains the full, joint, and several liability of joint tort-feasors to the plaintiff,[3] and provides for contribution between them on a pro rata basis. In determining pro rata shares of the tortfeasors in the entire liability, this law provides:
"(a) Their relative degrees of fault shall not be considered;
"(b) If equity requires the collective liability of some as a group shall constitute a single share; and

*393 "(c) Principles of equity applicable to contribution generally shall apply." (emphasis supplied)
The trial court by allocating damages on the basis of percentage of fault acted inconsistently with the new law since said act specifically provides for contribution on a pro rata basis with the relative degrees of fault not to be considered. Relative to pro rata shares, the Commissioner's comment to the "Uniform Contribution Among Tortfeasors Act"[4] provides in pertinent part:
"This section in positive terms resolves several difficult questions of policy.
"First, it recognizes and registers the lack of need for a comparative negligence or degree of fault rule in contribution cases. As stated in the comments on subsection 1(c) the exclusion of intentional, wilful and wanton actors from the right to contribution eliminates the better arguments for a relative degree of fault rule. Only Arkansas, Delaware, Hawaii and South Dakota apply such a rule in contribution cases.
"Second, it invokes the rule of equity which requires class liability, including the common liability arising from vicarious relationships, to be treated as a single share. For instance the liability of a master and servant for the wrong of the servant should in fairness be treated as a single share. Other examples are those situations involving co-owners of property, members of an unincorporated association, those engaged in a joint enterprise and the like; where the problem is the allocation of liability between such a group on the one hand and a tortfeasor having no connection with the group. It adopts the equitable principle involved in the case of Wold v. Grozalsky, 277 N.W. [N.Y.] 364, 14 N.E.2d 437 (1938), where the plaintiff was injured by the collapse of a party wall between two buildings. One building was owned by A, the other jointly by B and C. It was held that B and C were liable each for only one-fourth of the entire liability, rather than one-third. Another case is Walsh v. Phillips, New York Supreme Court, Niagara County, July 3, 1952, where one contributor was an unincorporated association, and its numerous members were held liable in the aggregate only for a single share."
While special verdicts such as that utilized by the trial court, sub judice, on the degrees of fault are not dispositive of the issue of contribution in view of Section 3(a), such special verdicts may be desired and of assistance to the trial judge in performing his equity responsibility under Section 3(c). To that end and for that purpose only, the trial judge may in his discretion request special verdicts on the degrees of fault. These special verdicts if employed for equity considerations under Section 3(c) would be a determination on a vertical basis of the liability as between plaintiff and the several defendants and horizontally among the multi-party defendants. Vertical apportionment to be determined by the jury is explained in Hoffman, supra, as follows:
"If plaintiff and defendant are both at fault, the former may recover, but the amount of his recovery may be only such proportion of the entire damages plaintiff sustained as the defendant's negligence bears to the combined negligence of both the plaintiff and the defendant. For example, where it is found that the plaintiff's negligence is at least equal to that of the defendant, the amount awarded to the plaintiff should be reduced by one-half from what it otherwise would have been."
The plaintiff is entitled to a measurement of his full damages and the liability for these damages should be apportioned *394 in accordance with the percentage of negligence as it relates to the total of all the defendants. The negligence attributed to the defendants will then be apportioned on a pro rata basis without considering relative degrees of fault although the multi-party defendants will remain jointly and severally liable for the entire amount.
In view of Section 768.31, Florida Statutes, the question which was certified by the trial court to the District Court of Appeal should have been answered in the negative although not for the reasons stated by the District Court of Appeal. The trial judge inquired as to whether it was proper for him to apportion fault as it sees fit between the negligent defendants. Since contribution will be determined on a pro rata basis as above-described, the determination of percentage of fault is not necessary.
The Act further provides that the right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability and his total recovery is limited to the amount paid by him in excess of his pro rata share and provides that there is no right of contribution in favor of any intentional tortfeasor. The method of enforcement of contribution is explicitly set out in subsection (4) of the Act which provides, inter alia, that the judgment of the court in determining the liability of the several defendants to the claimant for an injury or wrongful death shall be binding as among such defendants in determining their right to contribution and further provides:
"(b) Where a judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced in that action by judgment in favor of one against other judgment defendants by motion upon notice to all parties to the action."
Accordingly, for the foregoing reasons and in view of the newly enacted Uniform Contribution Among Joint Tortfeasors, the decision of the District Court of Appeal, Third District, is quashed and the cause remanded with directions to remand to the trial court.
It is so ordered.
ADKINS, C.J., and McCAIN and OVERTON, JJ., concur.
BOYD, J., concurs specially with an opinion.
BOYD, Judge (concurring specially).
Because the new statute cited in the majority opinion prevails in this matter, I would not include language relative to proposed changes in judicial policy considered by the Court in this case prior to the enactment of the statute.
As enacted, Section 768.31(3), Florida Statutes, provides:
"(3) Pro Rata Shares.  In determining the pro rata shares of tortfeasors in the entire liability.
"(a) Their relative degrees of fault shall not be considered;
* * * * * *
"(c) Principles of equity applicable to contribution generally shall apply."
There seems to be conflict between the two above-stated provisions in the statute. It is the duty of courts to construe statutes in such fashion so as to achieve legislative intent wherever possible and to hold the statute constitutional. I would therefore hold that the two sections considered together would require the relative degrees of fault of joint tortfeasors be considered by the jury and court in fixing liability, thereby achieving an equitable result as contemplated in the statute.
NOTES
[1] Ark.Stat.Ann. §§ 34-1001 to 34-1009 (1947 Supp. 1959); Cal.Civ.Proc. §§ 875-880; Augustus v. Bean, 56 Cal.2d 270, 14 Cal. Rptr. 641, 363 P.2d 873 (1961); Del. Code Ann. Tit. 10, §§ 6301-6308; George's Radio, Inc. v. Capital Transit Co., 75 U.S. App.D.C. 187, 126 F.2d 219 (1942); Knell v. Feltman, 85 U.S.App.D.C. 22, 174 F.2d 662 (1949); Ga. Code Ann. § 105-2012, §§ 6-803 to 6-806; Hawaii Rev.Laws §§ 663-11 to 663-17; Best v. Yerkes, 247 Iowa 800, 77 N.W.2d 23 (1956); McKinney v. Miller, 204 Kan. 436, 464 P.2d 276 (1974); Ky.Rev. Stat. § 412.030; La. Civ. Code Ann., Arts. 2103 to 2105; 14 Maine Rev.Stat.Ann. § 156; Packard v. Whitten, 274 A.2d 169 (Me. 1971); Md. Ann. Code, Art. 50, §§ 16-24; Mass. Gen. Laws Ann., Ch. 231; Mich. Stat. Ann. § 27A. 2925, M.C.L.A. § 600.2925; Duluth M. & N.R.R. v. McCarthy, 183 Minn. 414, 236 N.W. 766 (1931); Lloyds v. Smith, 166 Minn. 388, 208 N.W. 13 (1926); Miss. Code Ann. § 335.5; Mo. Ann. Stat. § 537.060; New Hampshire Rev.Stat.Ann. § 507:7-a; N.J. Stat. Ann. § 2A:53A-1-5; N.M. Stat. Ann. §§ 24-1-11 to 24-1-18 (1953); N.Y.Civ. Prac. Act Ann. § 211-a; Dole v. Dow Chem. Co., etc., 30 N.Y.2d 143, 331 N.Y.S.2d 382, 282 N.E.2d 288; Gen.Stat. of N.C. Ch. § 1B-1 to § 1B-6 (1969); N.D. Cent. Code Ch. 32-38  01-04; Pa. Stat. Ann., Tit. 12, §§ 2082-2089; R.I. Gen. Laws Ann. §§ 10-6-1 to 10-6-11; S.D.Code §§ 33.04 A01-33.04 A10; Tenn. Code Ann. §§ 23-3101 to 23-3105; Davis v. Broad St. Garage, 191 Tenn. 320, 232 S.W.2d 355 (1950); Huggins v. Graves, 210 F. Supp. 98 (E.D.Tenn. 1962); Vernon's Texas Rev.Civ.Stat.Ann. Art. 2212; Va. Code Ann. § 8-627; W. Va. Code § 55-7-13; Buskirk v. Sanders, 70 W. Va. 363, 73 S.E. 937 (1912); Wisc.Stat.Ann. § 133.01 to 113.10; Bielski v. Schulze, 16 Wis.2d 1, 114 N.W.2d 105 (1962); Wyoming Stat. § 1-7.3  1-7.6 (1973 Supp.); Gomes v. Brodhurst, 394 F.2d 465 (3d Cir. [VI] 1968)  Virgin Islands.
[*] The constitutionality of this new law is neither presented, argued, nor decided in these proceedings.
[2] We considered pure apportionment whereby plaintiff or plaintiffs may recover judgment against a defendant or defendants only for the percentage of damages caused by the negligence of each defendant individually which rule is best evidenced by the New Hampshire statutory provision relative to contributory negligence  New Hampshire Rev.Stat.Ann. § 507:7-a  which provides, in pertinent part:

"... provided that where recovery is allowed against more than one defendant, each such defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The burden of proof as to the existence or amount of causal negligence alleged to be attributable to a party shall rest upon the party making such allegation. This section shall govern all actions arising out of injuries and other damages sustained on and after August 12, 1969, and none other."
Cf. Vermont Stat.Ann. Title 12, § 1036, and considered a rule of contribution as adopted by the Supreme Court of Wisconsin in Bielski v. Schulze, 16 Wis.2d 1, 114 N.W.2d 105 (1962), whereby the multi-party defendants remain jointly and severally liable to the plaintiff for the full amount of plaintiff's damages but any defendant may seek contribution according to the proportionate percentages of causal negligence of the other defendant or defendants. By this decision in Bielski, supra, the Wisconsin court determined that the right of a tortfeasor to contribution is not barred because his negligence may be equal to or greater than the negligence of his co-tortfeasor. Succinctly, the Wisconsin Court announced the following principle of contribution as the applicable doctrine to be applied in multi-party defendant situations:
"After considerable study and careful consideration of the first problem and of the consequences of a change or modification of the present rule, we conclude the amount of liability for contribution of tortfeasors who sustain a common liability by reason of causal negligence should be determined in proportion to the percentage of causal negligence attributable to each. We make it plain at the outset, this refinement of the rule of contribution does not apply to or change the plaintiff's right to recover against any defendant tortfeasor the total amount of his damage to which he is entitled. Likewise, we point out that sec. 331.045, Stats., has no application to the doctrine of contribution."
See also: State Farm Mutual Automobile Ins. Co. v. Schara, 56 Wis.2d 262, 201 N.W.2d 758 (1972); Wurtzinger v. Jacobs, 33 Wis.2d 703, 148 N.W.2d 86 (1967); Pachowitz v. Milwaukee & Suburban Transp. Corp., 56 Wis.2d 383, 202 N.W.2d 268; Williams v. Milwaukee & Suburban Transp. Co., 37 Wis.2d 402, 155 N.W.2d 100 (Wis. 1967); Newberger v. Pokrass, 33 Wis.2d 569, 148 N.W.2d 80 (1967). Cf. Dole v. Dow Chemical Company, supra.
[3] (2) Right To Contribution. 

(a) Except as otherwise provided in this act, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them.
(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfeasor is compelled to make contribution beyond his own pro rata share of the entire liability.
[4] Uniform Laws Annotated, Civil Procedural and Remedial Laws, Master Edition, West Publishing Co., 1975.