CHARLES CARROLL (Ret.), Associate Judge.
This appeal by George Lamar Johnson, a defendant in an action for damages for personal injuries, is from an order dismissing his crossclaim against Raymond E. Ludwig, Jr., and others for contribution.
Johnson drove an automobile (owned by and leased to him by Gables Lincoln Mercury, Inc.) into a vehicle which was standing on a highway, propelling it into another stationary car, injuring Ludwig, Sr. who was positioned between those two vehicles, one of which presumed to have been in the control of Ludwig, Jr.
Ludwig, Sr. sued Johnson and Gables and their respective insurors. By an amended complaint Ludwig, Sr. charged Johnson with causing his injuries by negligently and wantonly driving his vehicle.[1] The plaintiff charged Gables with liability as the owner of the Johnson car. Compensatory and punitive damages were sought. The defendants answered. Johnson denied negligence. Gables admitted ownership of the car driven by Johnson and denied other allegations. The defendants pleaded assumption of risk. Gables filed a cross-claim against Johnson and his insuror for indemnification, on the ground that its liability was vicarious.
The action was compromised, by Gables or its insuror paying $85,000 to the plaintiff Ludwig, Sr., who, upon the settlement, executed a release.[2] By stipulation Johnson and his insuror were dismissed.
Thereafter the defendant Johnson, based on his prospective obligation to indemnify *37 Gables for the settlement amount, filed a crossclaim for contribution against Ludwig, Jr. and[1] Katie Sue Dotson (alleged to have been in control of what has been referred to as the Ludwig, Jr. car), Task Engineering, Inc. (alleged to have been the owner thereof) and the insuror Allstate Insurance Company, alleging the.cross defendants to be joint tort feasors through negligent operation of the Ludwig, Jr. car. Those cross defendants moved to dismiss the crossclaim for failure to state a cause of action. On hearing the motion, prior to the enactment of § 768.31 Fla.Stat., F.S.A. [Ch. 75-108] and the decision of the Supreme Court in Lincenberg v. Issen, Fla. 1975, 318 So.2d 386, the trial court dismissed Johnson’s crossclaim. From that order Johnson processed this appeal.
We are required to decide this appeal on the applicable law relating thereto that is now in effect (Florida East Coast Ry. Co. v. Rouse, Fla.1967, 194 So.2d 260, 261, Opinion on Rehearing). On consideration thereof in the light of the record, briefs and argument we hold the Johnson cross-claim did not on its face show absence of a cause of action, for contribution, and that the motion to dismiss should have been denied.
Several questions were argued here, bearing on the merits of the crossclaim arising from or suggested by the presently applicable law. Those questions, not passed upon by the trial court on its consideration of the motion to dismiss prior to enactment of Ch. 75-108, should be determined by the trial court in further proceedings in the cause after remand. Included therein are whether liability of Johnson to Gables for indemnity (if it exists) would entitle him to be classified as “a tortfeasor who has paid' more than his pro rata share of the common liability”, so as to put him in position to seek contribution from another joint tort feasor “to the amount paid by him in excess of his pro rata share” (§ 768.31 (2) (b), Fla.Stat., F. S.A.); and, if so, the effect thereon of the release given by the plaintiff on the settlement, as to the cross defendants, who were not parties to the plaintiffs action (§ 768.-31 (2) (d)) ; and whether Johnson was guilty of wanton conduct causing or contributing to the injury, such as to preclude him from recovering contribution (§ 768.-31 (2) (c)); and finally, if Johnson is held to be in the position of one entitled to seek contribution from a joint tort feasor, and is not precluded therefrom by either of the circumstances referred to above, whether the counter defendants or one of them was a joint tort feasor, that is, was guilty of negligence constituting a contributing legal cause of the plaintiff’s injury (§ 768.-31(2)(a).
The order dismissing the Johnson cross-claim against Ludwig, Jr., et al, is reversed, and the cause is remanded for further proceedings.

. In this regard the plaintiff alleged:
“(5) That at such time and place, Defendant GEORGE LAMAR JOHNSON was driving while under the influence of alcoholic beverages with the result that his normal mental faculties were impaired and that he negligently carelessly and recklessly operated the motor vehicle owned by Defendant GABLES LINCOLN MERCURY, INC., with a wanton disregard for the rights of others, and thereby caused said motor vehicle to collide with the rear-end of another motor vehicle, thereby causing said other motor vehicle to collide with the person of Defendant RAYMOND E. LUDWIG, SR., pushing the person of Defendant RAYMOND LUDWIG, SR., into the rear portion of a third motor vehicle and causing the person of Defendant RAYMOND E. LUDWIG, SR., to be crushed between the two last-described motor vehicles.”

. The scope of the release was as follows:
“ * * * accepted in full compromise settlement and satisfaction of, and as sole consideration for the final release and discharge of, all actions, claims and demands whatsoever, that now exist, or may hereafter accrue, against GABLES LINCOLN MERCURY and UNIVERSAL UNDERWRITERS INSURANCE COMPANY and any other person, corporation, association or partnership charged with responsibility for injuries to the person and property of the Undersigned, and the consequences flowing therefrom, as the result of an accident, casualty or event which occurred on or about the 4th day of November, 1972 * *