PATTERSON, Judge.
Florida Mining and Materials Corp. (Florida Mining), the defendant in this wrongful death action, appeals from a final judgment entered after jury trial in favor of Margaret Van Antwerp, as personal representative and surviving spouse of John E. Van Antwerp (Van Antwerp). Van Antwerp cross-appeals. Both parties dispute the manner and amount of setoffs which the trial court applied to the $270,000 jury verdict in arriving at its $81,000 final judgment in favor of Van Antwerp. We reverse on the cross-appeal, rendering the issues in the appeal moot.
On March 25, 1986, John Van Antwerp was employed by R.H. Ower as a truck driver. In that capacity, he picked up a flatbed trailer Florida Mining had loaded with precast concrete slabs and delivered it to a job site Ellis Construction Company, Inc. (Ellis) controlled as general contractor. On arrival, employees of Cuyahoga Wrecking Corporation (Cuyahoga), a subcontractor of Ellis, directed Mr. Van Antwerp to park the cab and trailer in an uneven sandy area littered with debris. Cuyahoga employees then attempted to stabilize the trailer by placing materials under the wheels. When Mr. Van Antwerp released the chains holding the slabs in place on the trailer, the slabs began to tilt and fall. Mr. Van Antwerp attempted to get out of the way but stumbled and fell over debris. The slabs fell on him and he was killed.
Van Antwerp sued Florida Mining for negligently failing to properly secure the slabs to the trailer and Ellis for negligently maintaining the job site. Van Antwerp did not sue Cuyahoga, which was in bankruptcy. Florida Mining and Ellis cross-claimed against one another and later obtained permission of the bankruptcy court to bring third-party actions against Cuyahoga for contribution and indemnity. Van Antwerp did not assert a claim against the third-party defendant.[1]
The case was court referred to pretrial mediation, which resulted in a settlement between Van Antwerp, Ellis, and Cuyahoga in the total amount of $100,000. The case then proceeded to trial with Florida Mining as the sole defendant. The trial court submitted the case to the jury in a manner which resulted in a $270,000 verdict in favor of Van Antwerp and determined John Van Antwerp to be 10% negligent, Florida Mining 30% negligent, and Cuyahoga 60% negligent.[2] Over objection *623 by Van Antwerp, the trial court entered an $81,000 judgment against Florida Mining, which represents 30% of $270,000. In arriving at this amount, the trial court apparently relied in whole or in part on section 768.81, Florida Statutes (Supp.1986),[3] which requires the apportionment of damages based upon the respective parties’ percentage of fault. This was error. Section 768.81 applies only to causes of action arising on or after July 1, 1986. See Walt Disney World Co. v. Wood, 515 So.2d 198 (Fla.1987); § 768.71(2), Fla.Stat. (Supp. 1986). This case arose on March 25, 1986, and is governed by the doctrine of joint and several liability, which holds each multiparty tortfeasor liable to the plaintiff for the full amount of damages. See Walt Disney World Co., 515 So.2d at 201-02; Lincenberg v. Issen, 318 So.2d 386 (Fla.1975). As Van Antwerp argued in the trial court and again urges here, the correct amount of the judgment to be entered against Florida Mining is $143,000, representing $270,000 less $27,000 (10% negligence of John Van Antwerp), less $100,000 (amount derived from settlement with remaining tortfeasors), pursuant to section 768.041(2), Florida Statutes (1989).
Reversed and remanded.
RYDER, A.C.J., and PARKER, J., concur.

. The original plaintiff may assert a claim arising out of the transaction or occurrence forming the basis for the main action against a third-party defendant by way of a separate pleading. Fla.R.Civ.P. 1.180.

. The record before us is incomplete as to the circumstances which led the trial court to proceed in this manner and the issue has not been raised by either party in this appeal. We determine this deficiency not controlling in that the substantive issue of law upon which our decision is grounded has been adequately preserved and presented by the cross-appellant.

. Section 768.81, Florida Statutes (Supp.1986), provides in pertinent part:
(3) APPORTIONMENT OF DAMAGES. — In cases to which this section applies, the court shall enter judgment against each party liable on the basis of such party’s percentage of fault and not on the basis of the doctrine of joint and several liability; provided that with respect to any party whose percentage of fault equals or exceeds that of a particular claimant, the court shall enter judgment with respect to economic damages against that party on the basis of the doctrine of joint and several liability.
This section was not precisely argued, the trial judge took the matter of the amount of the judgment under advisement, and the final judgment itself is silent as to its basis.